FILED

NOT FOR PUBLICATION

JUN 18 2010

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

ELIJAH CLAY,

             Petitioner - Appellee,

      v.

A. P. KANE, Warden,

             Respondent - Appellant.

No. 07-55377

D.C. No. CV-04-8663-VAP

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, District Judge, Presiding

Argued and Submitted February 7, 2008
Submission Vacated and Deferred April 18, 2008[**]
Resubmitted June 18, 2010
Pasadena, California

Before: PREGERSON and WARDLAW, Circuit Judges, and
LEIGHTON[***], District Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      After oral argument, we vacated and deferred submission of this case
pending decision of the California Supreme Court in two cases, *In re Lawrence,* 190 P.3d
535 (Cal. 2008) and *In re Shaputis,* 190 P.3d 573 (Cal. 2008), and awaited this Court's en
banc decision in *Hayward v. Marshall,* 603 F.3d 546 (9th Cir. 2010)(en banc).

[***]      The Honorable Ronald B. Leighton, United States District Judge for the
Western District of Washington, sitting by designation.

The California Board of Prison Terms ("Board")[1] found state prisoner

Elijah Clay suitable for parole. Then-Governor Gray Davis reversed the Board's

decision. Clay petitioned the California state courts for a writ of habeas corpus

challenging the Governor's decision. The Los Angeles Superior Court, the Court

of Appeals, and the California Supreme Court all denied the petition in turn. Clay

then filed a petition for writ of habeas corpus in federal court. The district court

granted the writ and the state now appeals that decision. **WE AFFIRM.**

The Board found that Clay would not pose an unreasonable risk of danger

to society or a threat to public safety if released from prison, noting that a prison

psychologist found that "his violence potential is considered to be no more than

that of the average citizen in the community." It also found that Clay showed

remorse and took responsibility for the death of the victim. The Board also

favorably noted Clay's extensive participation in educational and therapeutic

programs while in prison. The Board granted parole subject to review by the

Governor. *See* Cal. Const. art. V, § 8(b); Cal. Penal Code § 3041.2(a).

In reversing the Board's decision, the Governor relied on four main factors.

First, he found that "the gravity of Mr. Clay's crime is alone, sufficient to conclude

that he is not suitable for release at this time." Second, he noted that "Mr. Clay has

not sufficiently participated in self-help in order to further delve into the causative

---

[1]On July 1, 2005, California created the Board of Parole Hearings to replace the Board of Prison Terms. Cal. Penal Code § 5075(a).

factors for his participation in the life crime" and "that until further progress is made, Mr. Clay continues to be unpredictable and a threat to others." [*Id.*] Third, he criticized the Board for giving "inadequate consideration to Mr. Clay's extensive criminal history." [*Id.*] Finally, he said that Clay's parole plans – specifically the fact that he "has a job offer in San Diego, yet his offer of housing is in Los Angeles" – were unrealistic. [*Id.*]

The Los Angeles County Superior Court denied Clay's habeas petition, concluding that the Governor's findings were supported by "some evidence" and the Court of Appeal and California Supreme Court summarily denied the petition. As a matter of California state law, "some evidence" of future dangerousness is essential for denial of parole. *Hayward v. Marshall*, 603 F.3d at 562 (citing *In re Lawrence*, 190 P.3d 535, 549 (Cal. 2008) and *In re Shaputis*, 190 P.3d 573, 582 (Cal. 2008)).

If the Governor relies on the aggravated nature of the commitment offense to deny parole, as he did here, he may do so only if "the record also establishes that something in the prisoner's pre- or post-incarceration history, or his or her current demeanor and mental state" related to the commitment offense is "probative . . . of a continuing threat to public safety." *In re Lawrence*, 190 P.3d at 555. Here, there is no evidence in the record that would indicate that Clay poses a danger to the community if released. He committed the offense while in his twenties in 1976 and in 1978 was sentenced to a term of seven years to life. Clay

-3-

is now over sixty years old. Clay's criminal history is unremarkable, consists mostly of misdemeanor offenses and theft crimes, and is over forty years old. He has not received any disciplinary infractions in prison since 1990. Prison psychiatrists and psychologists unanimously found Clay suitable for parole.

The remaining factors relied on by the Governor – Clay's alleged need for participation in even more therapeutic programming and the "unrealistic" nature of his parole plans – are also plainly contradicted by the record. Clay has participated extensively in therapeutic and educational programming, and the prison psychologist found that Clay presented no more of a threat to the public than the average citizen. Further, Clay has secured a job and housing in Southern California and has developed his marketable skills while incarcerated.

The Los Angeles County Superior Court's decision denying Clay's petition for a writ of habeas corpus upholding the Governor's decision was an unreasonable application of California's "some evidence" rule and was an unreasonable determination of the facts in light of the evidence presented. *Hayward*, 603 F.3d at 562-63; 28 U.S.C. § 2254(d)(1) and (2).

The district court's grant of the writ is **AFFIRMED.**