UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MITCHELL SMILEY,

               Petitioner - Appellant,

 v.

ROBERT J. HERNANDEZ, Warden,

               Respondent - Appellee.

No. 06-55727

D.C. No. CV-05-01230-NAJ
Southern District of California,
San Diego

ORDER

Before: B. FLETCHER, McKEOWN, and BYBEE, Circuit Judges.

      The memorandum disposition filed on January 24, 2011, is hereby

withdrawn.

FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 28 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MITCHELL SMILEY, | No. 06-55727 |
| Petitioner - Appellant, | D.C. No. CV-05-01230-NAJ |
| v. | |
| ROBERT J. HERNANDEZ, Warden, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Southern District of California
Napoleon A. Jones, District Judge, Presiding

Argued and Submitted April 13, 2007
Pasadena, California

Before: B. FLETCHER, McKEOWN, and BYBEE, Circuit Judges.

Mitchell Smiley, a California state prisoner, appeals from the district court's

denial of his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254.

Smiley alleges the California Board of Parole Hearings ("Board") violated his due

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

process rights in denying him parole in 2004. We have jurisdiction under 28 U.S.C. § 2253,[1] and we affirm.

Smiley contends the Board's 2004 decision denying him parole fails California's "some evidence" standard and should be set aside. We may grant a writ of habeas corpus to a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Because "[t]here is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners," we may review only whether the California-created liberty interest in parole satisfies the "minimal" procedural requirements of the Due Process Clause. *Swarthout v. Cooke*, 562 U.S. ---, 2011 WL 197627, at *2 (2011) (per curiam). In other words, "[b]ecause the only federal right at issue is procedural, the relevant inquiry is what process [Smiley] received, not whether the state court decided the case correctly." *Id.* at *3.

Here, as in *Swarthout*, Smiley received adequate process: he was allowed to contest the evidence against him, he was allowed to speak at his parole hearing, he was afforded access to review his file, and he was notified as to the reasons why

---

[1]We certify for appeal, on our own motion, the issue of whether the Board's 2004 decision denying parole violated due process. *See Hayward v. Marshall*, 603 F.3d 546, 554–55 (9th Cir. 2010) (en banc).

parole was denied. *See id.* at \*2. Accordingly, we affirm the district court's denial of Smiley's petition.

**AFFIRMED.**