FILED

NOT FOR PUBLICATION

MAR 23 2011

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RAMIN NIKOOSERESHT, | No. 07-16354 |
| Petitioner - Appellee, | D.C. No. CV-06-04357-MHP |
| v. | |
| BEN CURRY, | MEMORANDUM[*] |
| Respondent - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Marilyn H. Patel, Senior District Judge, Presiding

Argued August 9, 2010; Resubmitted March 17, 2011
San Francisco, California

Before: GRABER, CALLAHAN, and BEA, Circuit Judges.

Petitioner Ramin Nikooseresht is serving a prison sentence of 15 years to

life for the 1992 murder of his girlfriend. In 2004, the parole board denied him

parole. The California courts denied Petitioner's habeas petition, concluding that

there was "some evidence" to support the board's decision. Petitioner sought

federal habeas relief, which the district court granted on the ground that the state

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

courts had unreasonably applied clearly established federal law concerning due process, by failing to satisfy California's "some evidence" standard. The state timely appealed, arguing only that this is not a proper ground for federal habeas relief. That is, the state does not argue that, in fact, there is "some evidence" of Petitioner's current or future dangerousness.

After this appeal began, the Supreme Court decided Swarthout v. Cooke, 131 S. Ct. 859 (2011) (per curiam). Although Petitioner argues that Swarthout leaves open a question about the proper outcome here, we are not persuaded. The Supreme Court held that the Federal Due Process Clause requires a California inmate to receive only "an opportunity to be heard and . . . a statement of the reasons why parole was denied." Id. at 862. Petitioner received both. Moreover, the Court expressly held that due process does not mandate "correct application of the State's 'some evidence' standard." Id. at 861. Accordingly, even if the district court correctly concluded that the state misapplied its "some evidence" standard, habeas relief is not available to Petitioner.

REVERSED.