FILED

**NOT FOR PUBLICATION**

MAR 25 2011

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

DANNY MADRID,

            Petitioner - Appellee,

   v.

KATHY MENDOZA-POWERS,

            Respondent - Appellant.

No. 08-16416

D.C. No. 1:07-CV-00331-OWW-SMS

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Oliver W. Wanger, Senior District Judge, Presiding

Argued August 12, 2010; Resubmitted March 25, 2011
San Francisco, California

Before: GRABER, CALLAHAN, and BEA, Circuit Judges.

    Petitioner Danny Madrid was convicted in 1981 of second degree murder,

attempted murder, and two attempted robberies, and sentenced to prison for twenty

years to life. In 2006, the parole board denied him parole. The California courts

denied Madrid's habeas petition concluding that there was "some evidence" to

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

support the board's decision. Madrid sought federal habeas relief, which the district court granted on the ground that he "had been denied parole solely on the basis of immutable factors of his commitment offense, previous record of violence and social history," and that, under California law, these do not amount to "some evidence that he is currently an unreasonable risk of danger to the public if released." The state timely appealed.

While this appeal has been pending, Madrid was granted parole and was released from custody in February 2010. His release does not moot this appeal because, as the parties agree, the district court's order requires the state to credit Madrid's "five year parole period" with the time between the 2006 denial of parole and his 2010 release.

Also, while this appeal was pending, the Supreme Court decided *Swarthout v. Cooke*, 131 S. Ct. 859 (2011) (per curiam). In *Swarthout*, the Court stated that "it is no federal concern here whether California's 'some evidence' rule of judicial review (a procedure beyond what the Constitution demands) was correctly applied." *Id*. at 863. It held that the Federal Due Process Clause requires a California inmate to receive only "an opportunity to be heard and . . . a statement of the reasons why parole was denied," and noted that the "correct application of the State's 'some evidence' standard" is not required by the Federal Due Process

Clause.  *Id*. at 861-62.  Because the district court – not having the benefit of the Supreme Court's guidance – granted relief by construing an error of state law as constituting a violation federal of due process, its grant of the habeas petition is **REVERSED**.