**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WAYNE THOMAS HOUFF, | No. 09-35853 |
| Petitioner - Appellant, | D.C. No. 1:06-cv-01328-CL |
| v. | |
| SHARON BLACKETTER, Superintendent, Eastern Oregon Correctional Institution, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Owen M. Panner, Senior District Judge, Presiding

Argued and Submitted October 6, 2010
Portland, Oregon

Before: PAEZ and CLIFTON, Circuit Judges, and BURNS,[**] District Judge.

Petitioner Wayne Houff appeals the district court's denial of his federal

habeas corpus petition. We have jurisdiction pursuant to 28 U.S.C. §§ 1291,

2253(a). We review de novo the district court's ruling on a habeas petition.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Larry A. Burns, District Judge for the U.S. District Court for Southern California, San Diego, sitting by designation.

*Lambert v. Blodgett*, 393 F.3d 943, 964 (9th Cir. 2004). We review for clear error the district court's factual findings. *Id.*

After the district court denied Houff's habeas petition, the Supreme Court issued its opinion in *Swarthout v. Cooke*, 131 S. Ct. 859 (2011). *Cooke* forecloses Houff's due process claim. In *Cooke*, the Court explained that if a state parole scheme creates a federally protected liberty interest, the Constitution "does not require more" than a prisoner being "allowed an opportunity to be heard and [] provided a statement of the reasons why parole was denied." *Id.* at 862 (quoting *Greenholtz v. Inmates of Neb. Penal and Correctional Complex*, 442 U.S. 1, 16 (1979)).

Here, Oregon's dangerous offender parole release statute, Or. Rev. Stat. § 144.228, creates a liberty interest in parole. *See Miller v. Oregon Bd. of Parole and Post Prison Supervision*, --- F.3d --- (9th Cir. 2011), 2011 WL 1533512 (holding that Oregon's murder review statute, Or. Rev. Stat. § 163.105(3), creates a liberty interest in early parole eligibility). Like Oregon's murder review statute, Oregon's dangerous offender parole release statute "uses language that creates a presumption that the prisoner will be paroled if certain conditions are satisfied." *Id.* at *3. Thus, Houff has a federally protected liberty interest in parole.

*Cooke* instructs that if a state prisoner has a liberty interest in parole, due process only requires that the prisoner be afforded an opportunity to be heard and

be informed of the reasons parole is denied.  131 S. Ct. at 862.  This is "the beginning and the end of the federal habeas courts' inquiry into whether [a prisoner] received due process."  *Id.*  Houff had an opportunity to be heard at his hearing before the Oregon Board of Parole and Post Prison Supervision ("Board"), and the Board provided reasons for denying parole.  Therefore, the Board did not violate Houff's due process rights when it denied parole.  *See Miller*, 2011 WL 1533512 at *5 ("the question . . . we face on review . . . is not whether the Board's decision to deny [petitioner] early eligibility for parole was substantively reasonable, nor whether the Board correctly applied Oregon's parole standards.  Instead, it is simply whether the state provided [petitioner] with the minimum procedural due process outlined in *Cooke*.").

**AFFIRMED.**