**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

JUN 6 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CLIFFORD BRODSKY,<br><br>     Petitioner - Appellant,<br><br> v.<br><br>ANTHONY P. KANE,<br><br>     Respondent - Appellee. | No. 07-16804<br><br>D.C. No. CV-06-02288-CRB<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Submitted May 24, 2011 **

Before: PREGERSON, THOMAS, and PAEZ, Circuit Judges.

 California state parolee Clifford Brodsky appeals pro se from the district

court's denial of his 28 U.S.C. § 2254 habeas petition. We have jurisdiction under

28 U.S.C. § 2253 and we affirm.

---

  * This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

  ** The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Brodsky contends that because he pled no contest to conspiracy to commit second-degree murder, rather than conspiracy to commit first-degree murder, his plea agreement and constitutional rights were violated when the Board of Prison Terms relied on certain information to deny him parole in 2003.

The California Court of Appeal's determination that the Board of Prison Terms was not constrained by the plea agreement was not contrary to, or an unreasonable application of, clearly established federal law as determined by the Supreme Court, and was not based on an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d); *Penry v. Johnson*, 532 U.S. 782, 792-93 (2001).

Brodsky's due process claim is not cognizable on federal habeas review. *Swarthout v. Cooke*, 131 S. Ct. 859, 863 (2011) (per curiam).

To the extent Brodsky raises a claim that his plea was involuntary, that claim is belied by the record.

**AFFIRMED.**