**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

EDWARD STEPHEN GONZALES,

Petitioner - Appellant,

v.

T. E. VAUGHAN,

Respondent - Appellee.

No. 07-55764

D.C. No. CV-05-01664-GPS

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
George P. Schiavelli, District Judge, Presiding

Submitted May 24, 2011[**]

Before:     PREGERSON, THOMAS, and PAEZ, Circuit Judges.

California state prisoner Edward Stephen Gonzales appeals pro se from the

district court's judgment denying his 28 U.S.C. § 2254 habeas petition.  We

dismiss.

Gonzales contends that the Board of Prison Terms' 2002 decision to deny

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

him parole deprived him of due process because it was not supported by "some evidence," and relied on static factors and other allegedly impermissible factors. After briefing was completed in this case, this court held that a certificate of appealability ("COA") is required to challenge the denial of parole. *See Hayward v. Marshall*, 603 F.3d 546, 554-55 (9th Cir. 2010) (en banc). Now the Supreme Court has held that the only federal right at issue in the parole context is procedural, and the only proper inquiry is what process the inmate received, not whether the state court decided the case correctly. *See Swarthout v. Cooke*, 131 S. Ct. 859, 863 (2011) (per curiam). Because Gonzales raises no procedural challenges regarding his parole hearing, a COA cannot issue, and we dismiss the appeal for lack of jurisdiction. *See* 28 U.S.C. § 2253(c)(2).

Further, because Gonzales has not has made a substantial showing of the denial of a constitutional right, we decline to certify his remaining claims. *Id*.

We deny Gonzales' request for additional briefing.

**DISMISSED.**