FILED

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 07 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARK MCGUIRE,<br><br>          Petitioner - Appellant,<br><br>v.<br><br>KATHY MENDOZA-POWERS,<br><br>          Respondent - Appellee. | No. 08-16365<br><br>D.C. No. 1:07-CV-00086-OWW-GSA<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Oliver W. Wanger, District Judge, Presiding

Submitted May 24, 2011[**]

Before:    PREGERSON, THOMAS, and PAEZ, Circuit Judges.

California state prisoner Mark McGuire appeals pro se from the district

court's judgment denying his 28 U.S.C. § 2254 habeas petition. We dismiss.

McGuire contends that the Board's 2004 decision to deny him parole was

not supported by "some evidence" and therefore violated his due process rights.

_____

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

After briefing was completed in this case, this court held that a certificate of appealability ("COA") is required to challenge the denial of parole. *See Hayward v. Marshall*, 603 F.3d 546, 554-55 (9th Cir. 2010) (en banc). Now the Supreme Court has held that the only federal right at issue in the parole context is procedural, and the only proper inquiry is what process the inmate received, not whether the state court decided the case correctly. *See Swarthout v. Cooke*, 131 S. Ct. 859, 863 (2011) (per curiam). Because McGuire raises no procedural challenges regarding his parole hearing,[1] a COA cannot issue, and we dismiss the appeal for lack of jurisdiction. *See* 28 U.S.C. § 2253(c)(2).

Further, because McGuire has not has made a substantial showing of the denial of a constitutional right, we decline to certify his remaining claims. *Id*.

**DISMISSED.**

---

[1]To the extent that McGuire has preserved for appellate review the claim that he was interrupted and precluded from finishing his "final statement" to the Board, the record reflects that he was given an opportunity to be heard. *See Cooke*, 131 S. Ct. at 862.