**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RENAL NELSON,

               Petitioner - Appellant,

    v.

A.P. KANE, Warden; BOARD OF
PRISON TERMS,

               Respondents - Appellees.

No. 08-17016

D.C. No. 4:05-cv-04419-CW

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Claudia A. Wilken, District Judge, Presiding

Submitted May 24, 2011[**]

Before:    PREGERSON, THOMAS, and PAEZ, Circuit Judges.

California state prisoner Renal Nelson appeals pro se from the district

court's judgment denying his 28 U.S.C. § 2254 habeas petition.  We dismiss.

Nelson contends that the Board's 2003 decision to deny him parole was

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

improper, and therefore violated his violated his due process rights. After briefing was completed in this case, this court held that a certificate of appealability ("COA") is required to challenge the denial of parole. *See Hayward v. Marshall*, 603 F.3d 546, 554-55 (9th Cir. 2010) (en banc). Now the Supreme Court has held that the only federal right at issue in the parole context is procedural, and the only proper inquiry is what process the inmate received, not whether the state court decided the case correctly. *See Swarthout v. Cooke*, 131 S. Ct. 859, 863 (2011) (per curiam). Because Nelson raises no procedural challenges regarding his parole hearing, a COA cannot issue, and we dismiss the appeal for lack of jurisdiction. *See* 28 U.S.C. § 2253(c)(2).

Because we dismiss the appeal for lack of jurisdiction, we not need reach Appellee's contentions concerning exhaustion and procedural default. *See Day v. McDonough*, 547 U.S. 198, 205 (2006); *Vansickel v. White*, 166 F.3d 953, 958 (9th Cir. 1999).

We deny all pending requests.

**DISMISSED.**