David R. Zipps, USTU–Office of The U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

David Lipartito, Law Office of David Lipartito, Tuscon, AZ, for Defendant–Appellant.

Before: CANBY, O'SCANNLAIN, and FISHER, Circuit Judges.

MEMORANDUM **

Jose Luis Reyna–Robles appeals from the sentence of 13 months and one day imposed following his guilty-plea conviction for reentry after deportation, in violation of 8 U.S.C. § 1326. We have juris-

diction under 28 U.S.C. § 1291, and we affirm.

Reyna–Robles contends that his sentence is substantively unreasonable because he should have been granted a departure or variance based on cultural assimilation. In light of the totality of the circumstances and the 18 U.S.C. § 3553(a) factors, Reyna–Robles's sentence within the Guidelines range is substantively reasonable. *See Gall v. United States,* 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007).

**AFFIRMED.**

**John GZIKOWSKI, Petitioner–**
**Appellant,**

v.

**Debra DEXTER, Warden,**
**Respondent–Appellee.**

No. 09–56492.

United States Court of Appeals,
Ninth Circuit.

Submitted June 15, 2011.*

Filed June 24, 2011.

John Gzikowski, Blythe, CA, pro se.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Kim Aarons, Esquire, Deputy Attorney General, AGCA–Office of the California Attorney General, San Diego, CA, for Respondent–Appellee.

Before: CANBY, O'SCANNLAIN and FISHER, Circuit Judges.

### MEMORANDUM **

California state prisoner John Gzikowski appeals pro se from the district court's judgment denying his 28 U.S.C. § 2254 habeas petition. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.

Gzikowski contends that the Board's 2007 decision to deny him parole was not supported by "some evidence" and therefore violated his due process rights. The only federal right at issue in the parole context is procedural, and the only proper inquiry is what process the inmate received, not whether the state court decided the case correctly. *Swarthout v. Cooke,* —— U.S. ——, 131 S.Ct. 859, 863, 178 L.Ed.2d 732 (2011); *see Roberts v. Hartley,* 640 F.3d 1042, 1044–46 (9th Cir.2011) (applying *Cooke*). Because Gzikowski raises no procedural challenges, we affirm.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.