**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DEXTER E. DALE,<br><br>    Petitioner - Appellant,<br><br>  v.<br><br>A. P. KANE,<br><br>    Respondent - Appellee. | No. 08-55291<br><br>D.C. No. CV-06-00438-GHK<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
George H. King, District Judge, Presiding

Submitted June 15, 2011[**]

Before:     CANBY, O'SCANNLAIN, and FISHER, Circuit Judges.

California state prisoner Dexter E. Dale appeals pro se from the district

court's judgment denying his 28 U.S.C. § 2254 habeas petition.  We dismiss.

Dale contends that the Board of Prison Terms' 2005 decision to deny him

parole was not supported by "some evidence" and therefore violated his due

_____

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

process rights. After briefing was completed in this case, this court held that a certificate of appealability ("COA") is required to challenge the denial of parole. *See Hayward v. Marshall*, 603 F.3d 546, 554-55 (9th Cir. 2010) (en banc). Now the Supreme Court has held that the only federal right at issue in the parole context is procedural, and the only proper inquiry is what process the inmate received, not whether the state court decided the case correctly. *See Swarthout v. Cooke*, 131 S.Ct. 859, 863 (2011) (per curiam). Because Dale raises no procedural challenges regarding his parole hearing, a COA cannot issue, and we dismiss the appeal for lack of jurisdiction. *See* 28 U.S.C. § 2253(c)(2).

**DISMISSED.**