FILED

JUN 29 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

KEITH E. WIGGINS,

               Petitioner - Appellant,

   v.

KEN CLARK, Warden,

               Respondent - Appellee.

No. 09-15312

D.C. No. 1:08-cv-01036-LJO

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted June 15, 2011[**]

Before:    CANBY, O'SCANNLAIN, and FISHER, Circuit Judges.

    California state prisoner Keith E. Wiggins appeals from the district court's

judgment dismissing his 28 U.S.C. § 2254 habeas petition. We dismiss.

    In his petition, Wiggins contends that the 2005 decision of the Board of

Parole Hearings ("Board") denying his parole was not supported by "some

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

evidence" of current dangerousness and, therefore, violated his due process rights.

After briefing was completed in this case, this court held that a certificate of appealability ("COA") is required to challenge the denial of parole. *See Hayward v. Marshall*, 603 F.3d 546, 554-55 (9th Cir. 2010) (en banc). Now the Supreme Court has held that the only federal right at issue in the parole context is procedural, and the only proper inquiry is what process the inmate received, not whether the state court decided the case correctly. *See Swarthout v. Cooke*, 131 S. Ct. 859, 863 (2011) (per curiam). Because Wiggins raises no procedural challenges to his 2005 parole determination, a COA cannot issue, and we dismiss the appeal for lack of jurisdiction. *See* 28 U.S.C. § 2253(c)(2).

Wiggins's Motion for Judicial Notice is denied as moot.

**DISMISSED.**