**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JEFFERY DEE GRAY[*], | No. 09-15635 |
| Petitioner - Appellant, | D.C. No. 4:05-cv-05394-PJH |
| v. | |
| D. L. RUNNELS, Warden, | MEMORANDUM[**] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, District Judge, Presiding

Submitted June 15, 2011[***]

Before:    CANBY, O'SCANNLAIN, and FISHER, Circuit Judges.

California state prisoner Jeffery Dee Gray appeals pro se from the district

court's judgment denying his 28 U.S.C. § 2254 habeas petition.  We dismiss.

Gray essentially contends that his lawyer's prediction that he would be

---

[*]    The docket is hereby corrected to reflect the proper spelling of appellant's name, Jeffery Dee Gray.

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[***]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

paroled within six to ten years of his 1990 guilty plea was an enforceable part of his plea agreement that was breached by the Board of Prison Terms's ("Board") denial of parole in 2001. He also contends that his plea agreement was either void or voidable on principles of state contract law, in light of the state's shift towards a practice of granting parole in murder cases only rarely. Gray did not seek a certificate of appealability ("COA") because, at the time of his notice of appeal, it was not yet established as a matter of circuit law that a COA was required in cases challenging the denial of parole. *See Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010) (en banc), *overruled in other respects by Swarthout v. Cooke*, 131 S. Ct. 859 (2011) (per curiam).

In order for a COA to issue under 28 U.S.C. § 2253(c), it must be the case that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right . . . ." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). Given the terms of Gray's unambiguous oral plea agreement, the state court's decision rejecting his claims was neither contrary to nor an objectively unreasonable application of *Santobello v. New York*, 404 U.S. 257, 262 (1971). *See Brown v. Poole*, 337 F.3d 1155, 1159-60 & n.2 (9th Cir. 2003) (recognizing federal due process right to enforcement of oral plea agreement but noting that terms of an unambiguous oral agreement may not be contradicted by parol

evidence). Moreover, Gray has pointed to no case supporting the proposition that his various arguments grounded in principles of state contract law give rise to a violation of federal law. *See* 28 U.S.C. § 2254(a). Accordingly, we dismiss the appeal. *See* 28 U.S.C. § 2253(c)(2).

**DISMISSED.**