**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

ROBERT E. STYRE,
    *Petitioner-Appellee,*

    v.

DERRAL G. ADAMS,
    *Respondent-Appellant.*

No. 09-15782

D.C. No.
1:07-cv-01436-
WWS

OPINION

Appeal from the United States District Court
for the Eastern District of California
William W Schwarzer, Senior District Judge, Presiding

Submitted January 11, 2011*
San Francisco, California

Filed June 6, 2011

Before: Alex Kozinski, Chief Judge, J. Clifford Wallace and
Barry G. Silverman, Circuit Judges.

Opinion by Judge Wallace

---

*The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

---

**COUNSEL**

Krista L. Pollard, Deputy Attorney General, Sacramento, California, for the appellant.

Marc Elliot Grossman, Esq., Upland, California, for the appellee.

---

**OPINION**

WALLACE, Senior Circuit Judge:

Warden Derral G. Adams appeals from the district court's writ of habeas corpus to Petitioner Robert E. Styre. We have jurisdiction over Adams' appeal pursuant to 28 U.S.C. § 2254, and we reverse.

**I.**

Styre was convicted of first-degree murder in January 1982 and sentenced to imprisonment for twenty-seven years to life with the possibility of parole. At a 2005 parole hearing, the California Board of Prison Terms (Board) found Styre eligible for parole and calculated a tentative release date. Four months later, Governor Arnold Schwarzenegger reversed the Board's decision, concluding that the gravity of Styre's offense and his violent criminal history made him unsuitable for parole. *See* Cal. Const. art. 5, § 8(b) (authorizing the Governor to "affirm, modify, or reverse" parole decisions).

Following a series of unsuccessful petitions for collateral relief in state court, Styre filed a federal petition for a writ of

habeas corpus. According to Styre, he was denied parole in violation of his due process rights because the Governor's adverse parole decision was not supported by "some evidence" of current dangerousness.

## II.

**[1]** Styre's habeas claims are foreclosed by the Supreme Court's recent decision in *Swarthout v. Cooke*, 131 S. Ct. 859, 863 (2011) (holding that "the responsibility for assuring that the constitutionally adequate procedures governing California's parole system are properly applied rests with California courts, and is no part of the Ninth Circuit's business"). In light of *Cooke*, we recently explained that "there is no substantive due process right created by California's parole scheme." *Roberts v. Hartley*, ___ F.3d ___, 2011 WL 1365811, at *3 (9th Cir. Apr. 12, 2011). Rather, "[d]ue process is satisfied as long as the state provides an inmate seeking parole with 'an opportunity to be heard and . . . a statement of the reasons why parole was denied.' " *Id.*, *quoting Cooke*, 131 S. Ct. at 862 (omission in original).

**[2]** Styre does not dispute that he received these procedural protections. Instead, he contends that this case is distinguishable from *Cooke* and *Roberts* because the Governor, rather than the Board, denied his request for parole. Although we declined to reach a similar argument in *Pearson v. Muntz*, ___ F.3d ___, 2011 WL 1238007, at *5 n.5 (9th Cir. Apr. 5, 2011), we now hold that the Due Process Clause does not require that the Governor hold a second suitability hearing before reversing a parole decision. On this issue, *Cooke* implicitly rejects the distinction that Styre proposes. Like Styre, one of the inmates in *Cooke* had been found unsuitable for parole by the Governor, rather than the Board. 131 S. Ct. at 861. Even though the Governor did not conduct a separate hearing before reversing the Board's favorable parole decision, the Court held that the inmate's due process rights had been satisfied because he was "allowed to speak at [his]

parole hearing and to contest the evidence against [him], [was] afforded access to [his] records in advance, and [was] notified as to the reasons why parole was denied." *Id.* at 862. Inasmuch as Styre does not dispute that he received each of these procedural safeguards—including an opportunity to speak at his hearing before the Board—"that is the end of the matter for purposes of the Due Process Clause." *Roberts*, 2011 WL 1365811, at *3.

**[3]** A second and separate reason why reversal is required is that the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) precludes Styre from obtaining a writ of habeas corpus. 28 U.S.C. § 2254. AEDPA states that federal courts may not grant a writ of habeas corpus unless the state's adjudication of a federal claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States." *Id.* § 2254(d)(1). Because there is no Supreme Court precedent holding that a state governor must conduct a second parole hearing before reversing a parole board's favorable decision, Styre's habeas corpus claims necessarily fail. *See Harrington v. Richter*, 131 S. Ct. 770, 786-87 (2011) ("As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement"). In light of both *Cooke* and AEDPA, we must reverse the district court's order directing habeas corpus relief.

**REVERSED.**