**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARTIN RAMIREZ, | No. 08-15144 |
| Petitioner - Appellant, | D.C. No. CV-06-01029-OWW/SMS |
| v. | |
| KEN CLARK, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Oliver W. Wanger, Senior District Judge, Presiding

Submitted July 11, 2011[**]
San Francisco, California

Before: HUG, SILVERMAN, and GRABER, Circuit Judges.

Martin Ramirez appeals the district court's order denying his 28 U.S.C. §

2254 petition for writ of habeas corpus. We have jurisdiction over Ramirez's

appeal pursuant to 28 U.S.C. § 2253(a). We review de novo the district court's

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

decision to deny habeas relief, *Gonzalez v. Brown*, 585 F.3d 1202, 1206 (9th Cir. 2009), and we affirm.

Ramirez argues that the state court decision upholding the Governor's parole determination rested on an unreasonable application of California's "some evidence" requirement and an unreasonable determination of the facts in light of the evidence. His arguments are foreclosed by *Swarthout v. Cooke*, 131 S. Ct. 859 (2011) (per curiam). *Cooke* makes clear that "it is [of] no federal concern . . . whether California's 'some evidence' rule of judicial review (a procedure beyond what the Constitution demands) was correctly applied." *Id.* at 863. Federal habeas relief is not available for errors of state law, and the correct application of California's "some evidence" standard is not mandated by the Federal Due Process Clause. *Id.* at 861. Where, as here, a state creates a protectible liberty interest in parole, due process requires only that the prisoner be afforded "an opportunity to be heard" and "provided a statement of reasons why parole was denied." *Id.* at 862 (citing *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 16 (1979)). This is "the beginning and the end of the federal habeas courts' inquiry into whether [the prisoner] received due process." *Id.*

Ramirez had an opportunity to be heard and to contest the evidence against him at his parole hearing before the Board of Prison Terms, and the

Governor—after considering the same evidence that was before the Board—provided written reasons for reversing the Board's finding that Ramirez was eligible for parole. Furthermore, the Governor was not required, as a matter of federal due process, to hold a second suitability hearing before reversing the Board's decision. *See Styre v. Adams*, No. 09-15782, — F.3d —, 2011 WL 2176465, at *1-2 (9th Cir. June 6, 2011). Therefore, even if the state court misapplied the "some evidence" standard, Ramirez's due process rights were not violated. *See Cooke*, 131 S. Ct. at 862-63; *see also Pearson v. Muntz*, No. 08-55728, 639 F.3d 1185, 2011 WL 1238007, at *5 (9th Cir. Apr. 5, 2011) ("*Cooke* makes clear that we cannot consider whether 'some evidence' of dangerousness supported a denial of parole on a petition filed under 28 U.S.C. § 2254.").

**AFFIRMED.**