**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 15 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

EDDIE JONES,

                Petitioner - Appellee,

   v.

KATHY MENDOZA-POWERS,

                Respondent - Appellant.

No. 10-15764

D.C. No. 1:06-cv-00379-AWI-JMD

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, Chief District Judge, Presiding

Argued and Submitted July 11, 2011
San Francisco, California

Before: HUG, SILVERMAN, and GRABER, Circuit Judges.

    Warden Kathy Mendoza-Powers appeals the district court's order granting

Eddie Jones' 28 U.S.C. § 2254 petition for writ of habeas corpus. We have

jurisdiction over the Warden's appeal pursuant to 28 U.S.C. § 2253(a). We review

---

      [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

de novo the district court's decision to grant habeas relief, *Gonzalez v. Brown*, 585 F.3d 1202, 1206 (9th Cir. 2009), and we reverse.[1]

The district court's decision was rendered without the benefit of the Supreme Court's recent decision in *Swarthout v. Cooke*, 131 S. Ct. 859 (2011) (per curiam), which makes clear that "it is [of] no federal concern . . . whether California's 'some evidence' rule of judicial review (a procedure beyond what the Constitution demands) was correctly applied." *Id*. at 863. Federal habeas relief is not available for errors of state law, and the correct application of California's "some evidence" standard is not mandated by the Federal Due Process Clause. *Id*. at 861. Where, as here, a state creates a protected liberty interest in parole, due process requires only that the prisoner be afforded "an opportunity to be heard" and "provided a statement of reasons why parole was denied." *Id*. at 862 (citing *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 16 (1979)). This is "the beginning and the end of the federal habeas courts' inquiry into whether [the prisoner] received due process." *Id*.

Jones had an opportunity to be heard and to contest the evidence against him at his parole hearing before the Board of Prison Terms, and the Governor—after

---

[1] Because the parties claim that the decision of the district court could affect Jones' parole credits in some fashion, we decline to dismiss this appeal as moot. *See United States v. Verdin*, 243 F.3d 1174, 1177 (9th Cir. 2001).

considering the same evidence that was before the Board—provided written reasons for reversing the Board's finding that Jones was eligible for parole. Furthermore, the Governor was not required, as a matter of federal due process, to hold a second suitability hearing before reversing the Board's decision. *Styre v. Adams*, No. 09-15782, — F.3d —, 2011 WL 2176465, at *1-2 (9th Cir. June 6, 2011). Therefore, even if the state court misapplied the "some evidence" standard, Jones' due process rights were not violated. *See Cooke*, 131 S. Ct. at 862-63; *see also Pearson v. Muntz*, 639 F.3d 1185, 1191 (9th Cir. Apr. 5, 2011) ("*Cooke* makes clear that we cannot consider whether 'some evidence' of dangerousness supported a denial of parole on a petition filed under 28 U.S.C. § 2254.").

**REVERSED.**