**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANTHONY MARTINEZ, | No. 07-56219 |
| Petitioner - Appellant, | D.C. No. 5:05-cv-00045-AHM-PLA |
| v. | |
| CHARLES HARRISON, Acting Warden, | MEMORANDUM* |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
A. Howard Matz, District Judge, Presiding

Submitted August 2, 2011**

Before:     RYMER, IKUTA, and N.R. SMITH, Circuit Judges.

California state prisoner Anthony Martinez appeals from the district court's

judgment denying his 28 U.S.C. § 2254 habeas petition.  We dismiss.

Martinez contends that the Governor's 2004 reversal of the Board's grant of

parole was not supported by "some evidence" and therefore violated his due

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

process rights. After briefing was completed in this case, this court held that a certificate of appealability ("COA") is required to challenge the denial of parole. *See Hayward v. Marshall*, 603 F.3d 546, 554-55 (9th Cir. 2010) (en banc). Now the Supreme Court has held that the only federal right at issue in the parole context is procedural, and the only proper inquiry is what process the inmate received, not whether the state court decided the case correctly. *See Swarthout v. Cooke*, 131 S. Ct. 859, 863 (2011) (per curiam).

In his opening brief, Martinez does not raise any procedural challenges. In a 28(j) letter, however, he argues that *Cooke* does not foreclose his claims because it did not address whether a right to parole arises in California under the United States Constitution in the absence of some evidence of future danger. In a second 28(j) letter, Martinez argues his due process rights were violated because the Governor did not hold a hearing before denying him parole. These issues are not properly before us. *See Pearson v. Muntz*, 639 F.3d 1185, 1191 n.5 (9th Cir. 2011). In any event, Martinez's contentions are foreclosed. *See id*. at 1191; *Styre v. Adams*, __ F.3d __, 2011 WL 2176465, *1-2 (9th Cir. June 6, 2011).

As there are no grounds for a COA to issue, we dismiss the appeal for lack of jurisdiction. *See* 28 U.S.C. § 2253(c)(2).

**DISMISSED.**