**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 26 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RON MOSLEY, | No. 08-15327 |
| Petitioner - Appellant, | D.C. No. CV-05-04260-TEH |
| v. | |
| S. OROSKI, | MEMORANDUM[*] |
| Respondent - Appellee. | |

| | |
|---|---|
| RON MOSLEY, | No. 08-15389 |
| Petitioner - Appellant, | D.C. No. CV-05-04260-TEH |
| v. | |
| S. OROSKI, | |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Thelton E. Henderson, Senior District Judge, Presiding

Argued and Submitted November 1, 2010
San Francisco, California

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: ALARCÓN, RYMER, and M. SMITH, Circuit Judges.

Ron Mosley appeals the district court's order denying his 28 U.S.C. § 2254 petition for writ of habeas corpus. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 2253(a) and affirm.[1]

I

Mosley argues that the state court decision upholding the Governor's parole determination rested on an unreasonable application of California's "some evidence" requirement and an unreasonable determination of the facts in light of the evidence. Federal habeas relief is not available for errors of state law, and the correct application of California's "some evidence" standard is not mandated by the federal Due Process Clause. *Swarthout v. Cooke*, 131 S. Ct. 859, 861 (2011) (per curiam). Due process requires only that the prisoner be afforded "an opportunity to be heard" and "provided a statement of reasons why parole was denied." *Id.* at 862.

---

[1]We sua sponte grant Mosley's request for a certificate of appealability. *See Hayward v. Marshall*, 603 F.3d 546, 554-55 (9th Cir. 2010) (en banc), *overruled on other grounds by Swarthout v. Cooke*, 131 S. Ct. 859 (2011) (per curiam).

Mosley had an opportunity to be heard and to contest the evidence against him at his parole hearing before the Board of Prison Terms, and the Governor, after considering the same evidence that was before the Board, provided written reasons for reversing the Board's finding that Mosley was eligible for parole. Furthermore, the Governor was not required, as a matter of federal due process, to hold a second suitability hearing before reversing the Board's decision. *See Styre v. Adams*, 645 F.3d 1106, 1108 (9th Cir. 2011). Therefore, even if the state court misapplied the "some evidence" standard, Mosley's due process rights were not violated. *See Cooke*, 131 S. Ct. at 862-63; *see also Pearson v. Muntz*, 639 F.3d 1185, 1191 (9th Cir. 2011).

## II

The state court did not unreasonably determine that the state had complied with the terms of the plea agreement. *See* 28 U.S.C. § 2254(d)(2). Mosley failed to present a colorable claim for relief in his state habeas petition. *See Earp v. Ornoski*, 431 F.3d 1158, 1167 & n.4 (9th Cir. 2005). He never alleged *specific* facts about the agreement's terms that, if true, would entitle him to relief. His generalized assertions about his expectations under the agreement are insufficient. *See Kemp v. Ryan*, 638 F.3d 1245, 1260 n.11 (9th Cir. 2011).

## III

The state court did not unreasonably apply *Garner v. Jones*, 529 U.S. 244 (2000), in rejecting Mosley's ex post facto challenge to Proposition 89. *See* 28 U.S.C. § 2254(d)(1). At a minimum, reasonable jurists could disagree about whether the type of procedural change enacted by Proposition 89 is addressed by the Ex Post Facto Clause. *Compare, e.g.*, *In re Rosenkrantz*, 59 P.3d 174, 200 (Cal. 2002); *Cal. Dep't of Corr. v. Morales*, 514 U.S. 499, 508 (1995) (clause should not be employed for "micromanagement of an endless array of legislative adjustments to parole and sentencing procedures, including such innocuous adjustments as changes to the membership of the Board of Prison Terms"), *with Collins v. Youngblood*, 497 U.S. 37, 46 (1990) ("[B]y simply labeling a law 'procedural,' a legislature does not thereby immunize it from scrutiny under the *Ex Post Facto* Clause."); *Fletcher v. Reilly*, 433 F.3d 867, 877 (D.C. Cir. 2006) (same with regards to labels such as "regulation" and "guideline" or the existence of discretion); *see also Harrington v. Richter*, 131 S. Ct. 770, 786 (2011) (standard is whether "fairminded jurists could disagree on the correctness of the state court's decision" (internal quotation marks omitted)).[2]

**AFFIRMED.**

---

[2]For these reasons, we also deny Mosley's motion of April 6, 2011 to remand or file supplemental briefing.

4