**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAVID THAYNE SMITH, | No. 11-55121 |
| Petitioner - Appellee, | D.C. No. 2:10-cv-00365-RSWL |
| v. | |
| R. GROUNDS, Warden, | MEMORANDUM[*] |
| Respondent - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Ronald S.W. Lew, District Judge, Presiding

Submitted March 6, 2012[**]

Before:     B. FLETCHER, REINHARDT, and TASHIMA, Circuit Judges.

Warden R. Grounds appeals the district court's order granting David Thayne

Smith's petition for a writ of habeas corpus under 28 U.S.C. § 2254.  We have

jurisdiction under 28 U.S.C. § 2253, and we reverse.

_____

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

While this appeal was pending, the Supreme Court decided *Swarthout v. Cooke*, 131 S. Ct. 859 (2011) (per curiam). In that case, the Court stated that the only federal right at issue in the parole context is procedural, and the only proper inquiry is what process the inmate received, not whether the state court decided the case correctly. *See id*. at 862-63.

Smith was afforded the opportunity to be heard and provided a statement of the reasons why parole was denied. The district court granted Smith relief on the ground that the Governor's reversal of the 2009 Board of Parole Hearings' ("Board") grant of parole was not supported by "some evidence" of current dangerousness. Because this is not a proper ground for federal habeas relief, we reverse. *See Pearson v. Muntz*, 639 F.3d 1185, 1191 (9th Cir. 2011).

Smith's contention that the Governor violated his due process rights by failing to hold a hearing before reversing the grant of parole by the Board is foreclosed. *See Styre v. Adams*, 645 F.3d 1106, 1108 (9th Cir. 2011) ("[T]he Due Process Clause does not require that the Governor hold a second suitability hearing before reversing a parole decision.").

The stay of judgment pending appeal issued on January 28, 2011, is lifted, and the district court's order granting parole is reversed.

**REVERSED.**