**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FRANK KENNETH BENSON, | No. 10-16945 |
| Petitioner - Appellee, | D.C. No. 2:07-cv-02244-JKS |
| v. | |
| D. K. SISTO, | MEMORANDUM[*] |
| Respondent - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
James K. Singleton, District Judge, Presiding

Submitted September 27, 2011[**]

Before:     HAWKINS, SILVERMAN, and W. FLETCHER, Circuit Judges.

Warden D. K. Sisto appeals from the district court's grant of Frank Kenneth

Benson's 28 U.S.C. § 2254 petition for habeas corpus.  We have jurisdiction under

28 U.S.C. § 2253, and, because of intervening authority, we vacate and remand.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

The district court granted Benson relief on the ground that the state court's decision was contrary to California's "some evidence" standard, and was based on an unreasonable determination of the facts in light of the evidence. While this appeal was pending, the Supreme Court decided *Swarthout v. Cooke*, 131 S. Ct. 859 (2011) (per curiam). In that case, the Court held that the only federal right at issue in the parole context is procedural, and the only proper inquiry is what process the inmate received, not whether the state court decided the case correctly. *See Swarthout*, 131 S. Ct. at 863. Because Benson raises no federal procedural challenges, we vacate and remand.

We decline to address, in the first instance, Benson's contention that the Board of Parole's determination that he was unsuitable for parole was an arbitrary deprivation of his liberty interest. *See Osborne v. Dist. Attorney's Office for Third Judicial Dist.*, 423 F.3d 1050, 1055-56 (9th Cir. 2005).

**VACATED and REMANDED.**