# SUPREME COURT OF THE UNITED STATES

GARY SWARTHOUT, WARDEN *v.* DAMON COOKE

MATTHEW CATE, SECRETARY, CALIFORNIA
DEPARTMENT OF CORRECTIONS AND
REHABILITATION *v.* ELIJAH CLAY

ON PETITION FOR WRIT OF CERTIORARI TO THE UNITED
STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

No. 10–333.   Decided January 24, 2011

PER CURIAM.

## I

California's parole statute provides that the Board of
Prison Terms "shall set a release date unless it determines
that . . . consideration of the public safety requires a more
lengthy period of incarceration."   Cal. Penal Code Ann.
§3041(b) (West Supp. 2010).   If the Board denies parole,
the prisoner can seek judicial review in a state habeas
petition.   The California Supreme Court has explained
that "the standard of review properly is characterized as
whether 'some evidence' supports the conclusion that the
inmate is unsuitable for parole because he or she currently
is dangerous." *In re Lawrence*, 44 Cal. 4th 1181, 1191, 190
P. 3d 535, 539 (2008).   See also *In re Shaputis*, 44 Cal. 4th
1241, 1253–1254, 190 P. 3d 573, 580 (2008); *In re Rosen-
krantz*, 29 Cal. 4th 616, 625–626, 59 P. 3d 174, 183 (2002).

## A

Respondent Damon Cooke was convicted of attempted
first-degree murder in 1991, and a California court sen-
tenced him to an indeterminate term of seven years to life
in prison with the possibility of parole.   In November 2002,
the board determined that Cooke was not yet suitable for
parole, basing its decision on the "especially cruel and
callous manner" of his commitment offense, App. to Pet.

for Cert. 50a; his failure to participate fully in rehabilita-
tive programs; his failure to develop marketable skills;
and three incidents of misconduct while in prison. The
board admitted that Cooke had received a favorable psy-
chological report, but it dismissed the report as not credi-
ble because it included several inconsistent and erroneous
statements.

Cooke filed a petition for a writ of habeas corpus in
State Superior Court. The court denied his petition. "The
record indicates," it said, "that there was some evidence,
including but certainly not limited to the life offense, to
support the board's denial." *Id.*, at 42a. Cooke subse-
quently filed a habeas petition with the California Court of
Appeal and a petition for direct review by the California
Supreme Court. Both were denied.

In October 2004, Cooke filed a federal habeas petition
pursuant to 28 U. S. C. §2254 challenging the parole
board's determination. The District Court denied his
petition. The Ninth Circuit reversed, holding that Cali-
fornia's parole statute created a liberty interest protected
by the Due Process Clause, and that "California's 'some
evidence' requirement" was a "component" of that feder-
ally protected liberty interest. *Cooke* v. *Solis*, 606 F. 3d
1206, 1213 (2010). It then concluded that the state court
had made an "unreasonable determination of the facts in
light of the evidence" under §2254(d)(2) by finding any
evidence at all that Cooke would pose a threat to public
safety if released. *Id.*, at 1215.

## B

Respondent Elijah Clay was convicted of first-degree
murder in 1978, and a California court sentenced him to
imprisonment for seven years to life with the possibility of
parole. In 2003, the board found Clay suitable for parole,
but the Governor exercised his authority to review the
case and found Clay unsuitable for parole. See Cal.

Per Curiam

Const., Art. 5, §8(b); Cal. Penal Code Ann. §3041.2 (West 2000). The Governor cited the gravity of Clay's crime; his extensive criminal history, which reflected "the culmination of a life of crime," App. to Pet. for Cert. 116a; his failure to participate fully in self-help programs; and his unrealistic plans for employment and housing after being paroled. Regarding the last factor, the Governor concluded that Clay would be likely to return to crime, given his propensity for substance abuse and lack of a viable means of employment.

Clay filed a petition for a writ of habeas corpus in State Superior Court. That court denied Clay's petition, as did the California Court of Appeal. The California Supreme Court denied review.

Clay subsequently filed a federal petition for a writ of habeas corpus, which the District Court granted. The District Court concluded that the Governor's reliance on the nature of Clay's long-past commitment offense violated Clay's right to due process, and dismissed each of the other factors the Governor cited as unsupported by the record. The Ninth Circuit affirmed, agreeing with the District Court's conclusion that "the Governor's decision was an unreasonable application of California's 'some evidence' rule and was an unreasonable determination of the facts in light of the evidence presented." *Clay* v. *Kane*, 384 Fed. Appx. 544, 546 (2010).

## II

In granting habeas relief based on its conclusion that the state courts had misapplied California's "some evidence" rule, the Ninth Circuit must have assumed either that federal habeas relief is available for an error of state law, or that correct application of the State's "some evidence" standard is required by the federal Due Process Clause. Neither assumption is correct.

As to the first: The habeas statute "unambiguously

provides that a federal court may issue a writ of habeas corpus to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'" *Wilson* v. *Corcoran*, 562 U. S. ___, ___ (2010) *(per curiam)* (slip op., at 4) (quoting 28 U. S. C. §2254(a)). "We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.'" *Estelle* v. *McGuire*, 502 U. S. 62, 67 (1991) (quoting *Lewis* v. *Jeffers*, 497 U. S. 764, 780 (1990)).

As for the Due Process Clause, standard analysis under that provision proceeds in two steps: We first ask whether there exists a liberty or property interest of which a person has been deprived, and if so we ask whether the procedures followed by the State were constitutionally sufficient. *Kentucky Dept. of Corrections* v. *Thompson*, 490 U. S. 454, 460 (1989). Here, the Ninth Circuit held that California law creates a liberty interest in parole, see 606 F. 3d, at 1213. While we have no need to review that holding here, it is a reasonable application of our cases. See *Board of Pardons* v. *Allen*, 482 U. S. 369, 373–381 (1987); *Greenholtz* v. *Inmates of Neb. Penal and Correctional Complex*, 442 U. S. 1, 12 (1979).

Whatever liberty interest exists is, of course, a *state* interest created by California law. There is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners. *Id.,* at 7. When, however, a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication—and federal courts will review the application of those constitutionally required procedures. In the context of parole, we have held that the procedures required are minimal. In *Greenholtz*, we found that a prisoner subject to a parole statute similar to California's received adequate process when he was allowed an opportunity to be heard and was provided a statement of the reasons why

parole was denied. 442 U. S., at 16. "The Constitution," we held, "does not require more." *Ibid.* Cooke and Clay received at least this amount of process: They were allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied. 606 F. 3d, at 1208–1212; App. to Pet. for Cert. 69a–80a; Cal. Penal Code Ann. §§3041, 3041.5 (West Supp. 2010).

That should have been the beginning and the end of the federal habeas courts' inquiry into whether Cooke and Clay received due process. Instead, however, the Court of Appeals reviewed the state courts' decisions on the merits and concluded that they had unreasonably determined the facts in light of the evidence. See 606 F. 3d, at 1213–1216; 384 Fed. Appx., at 545–546. Other Ninth Circuit cases have done the same. See, *e.g.*, *Pearson* v. *Muntz*, 606 F. 3d 606, 611 (2010). No opinion of ours supports converting California's "some evidence" rule into a substantive federal requirement. The liberty interest at issue here is the interest in receiving parole when the California standards for parole have been met, and the minimum procedures adequate for due-process protection of that interest are those set forth in *Greenholtz*.* See *Hayward* v. *Marshall*,

───────────

 *Cooke and Clay argue that the greater protections afforded to the revocation of good-time credits should apply, citing *In re Rosenkrantz*, 29 Cal. 4th 616, 657–658, 59 P. 3d 174, 205 (2002), a California Supreme Court case that refers to our good-time-credits decision in *Superintendent, Mass. Correctional Institution at Walpole* v. *Hill*, 472 U. S. 445 (1985). But *Rosenkrantz* did not purport to equate California's parole system with good-time credits. It cites *Hill* twice. The first citation merely observes that the court relied upon *Hill* in an earlier opinion adopting the "some evidence" test for decisions to *revoke* parole that had previously been granted. 29 Cal. 4th, at 656, 59 P. 3d, at 204. The second citation, which does occur in the part of the opinion discussing the need for "some evidence" review in parole decisions, simply borrows language from *Hill* to support the proposition that "'[r]equiring

603 F. 3d 546, 559 (CA9 2010) (en banc). *Greenholtz* did not inquire into whether the constitutionally requisite procedures provided by Nebraska produced the result that the evidence required; *a fortiori* it is no federal concern here whether California's "some evidence" rule of judicial review (a procedure beyond what the Constitution demands) was correctly applied.

It will not do to pronounce California's "some evidence" rule to be "a component" of the liberty interest, 606 F. 3d, at 1213. Such reasoning would subject to federal-court merits review the application of all state-prescribed procedures in cases involving liberty or property interests, including (of course) those in criminal prosecutions. That has never been the law. To the contrary, we have long recognized that "a 'mere error of state law' is not a denial of due process." *Engle* v. *Isaac*, 456 U. S. 107, 121, n. 21 (1982); see also *Estelle*, 502 U. S., at 67–68. Because the only federal right at issue is procedural, the relevant inquiry is what process Cooke and Clay received, not whether the state court decided the case correctly.

The Ninth Circuit's questionable finding that there was *no* evidence in the record supporting the parole denials is irrelevant unless there is a federal right at stake, as §2254(a) requires. See *id.*, at 67. The short of the matter is that the responsibility for assuring that the constitutionally adequate procedures governing California's parole system are properly applied rests with California courts, and is no part of the Ninth Circuit's business.

The petition for a writ of certiorari and respondents'

––––––––––

a modicum of evidence'" can "'help to prevent arbitrary deprivations.'" 29 Cal. 4th, at 658, 59 P. 3d, at 205 (quoting *Hill*, 472 U. S., at 455). In any event, the question of which due process requirements apply is one of federal law, not California law; and neither of these citations comes close to addressing that question. Any doubt on that score is resolved by a subsequent footnote stating that the court's decision is premised only on state law. 29 Cal. 4th, at 658, n. 12, 59 P. 3d, at 205, n. 12.

Per Curiam

motions for leave to proceed *in forma pauperis* are granted.

The judgments below are

*Reversed.*

# SUPREME COURT OF THE UNITED STATES

GARY SWARTHOUT, WARDEN *v.* DAMON COOKE

MATTHEW CATE, SECRETARY, CALIFORNIA
DEPARTMENT OF CORRECTIONS AND
REHABILITATION *v.* ELIJAH CLAY

ON PETITION FOR WRIT OF CERTIORARI TO THE UNITED
STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

No. 10–333.   Decided January 24, 2011

JUSTICE GINSBURG, concurring.

In *Superintendent, Mass. Correctional Institution at Walpole* v. *Hill*, 472 U. S. 445, 455 (1985), this Court held that, to comply with due process, revocation of a prisoner's good time credits must be supported by "some evidence." If California law entitled prisoners to parole upon satisfaction of specified criteria, then *Hill* would be closely in point. See *In re Rosenkrantz*, 29 Cal. 4th 616, 657–658, 59 P. 3d 174, 205 (2002). The Ninth Circuit, however, has determined that for California's parole system, as for Nebraska's, *Greenholtz* v. *Inmates of Neb. Penal and Correctional Complex*, 442 U. S. 1 (1979), is the controlling precedent. *Hayward* v. *Marshall*, 603 F. 3d 546, 559–561 (2010) (en banc)). Given that determination, I agree that today's summary disposition is in order.