CALLAHAN, Circuit Judge,
dissenting:
I dissent on the ground that there was no constitutional error in the jury instruction, and even if there was, it was harmless in the context of this case.
One evening, Ronnie Sherrors and his co-defendant stole the car that Steve Foth was driving, forced Foth in the trunk of the car, and drove out to a dark street. They pulled over, pulled Foth out of the trunk, and began stabbing him. Foth sustained approximately 83 stab wounds and bled to death. Sherrors and his co-defendant stripped Foth’s body naked, discarded it in some bushes, and drove away.
Sherrors and his co-defendant were tried and convicted in state court of first degree murder, while using a deadly weapon, and with the special circumstance of murder during the course of a robbery. Each man received a sentence of life without the possibility of parole, plus one year. Sherrors filed a habeas petition in the district court, which was granted on the grounds of instructional error. This appeal followed.
In recent weeks, the Supreme Court has emphasized the narrow nature of habeas relief, reversing several decisions by our court that granted habeas relief. The Supreme Court has stated that “confidence in the writ and the law it vindicates [is] undermined, if there is judicial disregard for the sound and established principles that inform its proper issuance.” Harrington v. Richter, — U.S. -, 131 S.Ct. 770, 780, 178 L.Ed.2d 624 (2011) (reversing our decision granting habeas relief). Indeed, “AEDPA compounds the imperative of judicial caution.” Premo v. Moore, — U.S. -, 131 S.Ct. 733, 741, 178 L.Ed.2d 649 (2011) (reversing our decision granting habeas relief). In particular, the Supreme Court has cautioned us against assuming that federal habeas relief is available for an error of state law. Habeas is “not a substitute for ordinary error correction through appeal.” Harrington, 131 S.Ct. at 786. See Swarthout v. Cooke, — U.S. -, 131 S.Ct. 859, 861-62, 178 L.Ed.2d 732 (2011) (reversing our decision granting habeas relief). Of course, I recognize that the district court did not have the benefit of these recent cases when it granted ha-beas relief.
However, despite the Supreme Court’s admonitions, the majority fails to give proper deference to the state court’s decision about state law. This is the sort of de novo review that the Supreme Court said we must not do on habeas. See, e.g., Harrington, 131 S.Ct. at 786-87. The instructional error in this case is only one of state law, under People v. Prieto, 30 Cal.4th 226, 248-49, 133 Cal.Rptr.2d 18, 66 P.3d 1123 (2003), which does not implicate constitutional due process concerns. Only a very strained reading of jury instruction CALJIC 2.15-a reading unencumbered by context or reason — might allow a jury to *622 convict Sherrors for murder based on a less than constitutional standard of proof. There is no showing that the jury here was so naive. Moreover, even assuming there was constitutional error in the jury instruction, to obtain habeas relief, Sherrors would still have to show that the instructional error resulted in actual prejudice. Sherrors must show that the instructional error had a “substantial and injurious effect or influence in determining the jury’s verdict.” Brecht v. Abrahamson, 507 U.S. 619, 687-38, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993). Sherrors has not done this.
The majority whittles and sculpts the evidence in an attempt to fashion an instructional error of constitutional magnitude that prejudiced Sherrors. But that is not appropriate; the evidence must be examined on its own terms. There was ample evidence pointing to Sherrors as a murderer of Foth. Certainly, the jury was not compelled to believe Hixon, but her testimony was corroborated by, and consistent with, other evidence in the case. For example, Hixon testified that shortly before Foth was killed, Sherrors grabbed her hands, breaking two of her fingernails. When police visited the murder scene, they found a broken fingernail. Also, Hixon’s testimony is consistent with the discovery of Foth’s high school ring in a co-defendant’s pants pocket and Hixon’s boyfriend’s pager number in Sherrors’s pocket. Hixon’s testimony is also consistent with the violent manner in which Foth was murdered. Here, there was corroboration not only of the general facts contained in Hixon’s testimony, but also of specific, significant details. Looking at all the testimonial and physical evidence in this case, the prosecutor presented much more than “slight” corroborating evidence to prove that Sherrors committed murder.
Further, the jury was properly instructed on the required elements of murder, robbery, and first-degree felony murder based upon a murder committed in the commission of a robbery, and the jury was told that each element had to be proved beyond a reasonable doubt. The jury was also instructed on the special circumstance of murder in the commission of a robbery. Thus, the standard of proof required by the Constitution to convict Sherrors for murder was clearly set forth and properly followed by the jury.
There was no constitutional error in Sherrors’s trial and conviction, and even if there was, it was harmless. I respectfully dissent.