**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| ROBERT LAUCELLA, | No. 10-15349 |
| Petitioner - Appellee, | D.C. No. 2:08-cv-00109-LKK-CHS |
| v. | |
| D. K. SISTO; JOHN W. HAVILAND, | MEMORANDUM[*] |
| Respondents, | |
| and | |
| MATTHEW CATE, Secretary of the California Department of Corrections and Rehabilitation, | |
| Respondent - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence K. Karlton, Senior District Judge, Presiding

Submitted May 9, 2011[**]
San Francisco, California

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: HUG and PAEZ, Circuit Judges, and O'GRADY,[***] District Judge.

The State appeals the district court's order granting Robert Laucella's ("Laucella's") federal habeas corpus petition. The California Board of Parole Hearings ("Board") found Laucella suitable for parole in 2002. Former Governor Davis reversed that decision, but Laucella successfully challenged the reversal through a state habeas corpus petition. The state court remanded the matter to the Governor's office; then Governor Schwarzenegger also reversed the Board's parole suitability order. After the state supreme court denied Laucella's state habeas corpus petition challenging Governor Schwarzenegger's reversal, he filed the federal habeas corpus petition at issue here. The district court granted Laucella's petition, finding that the Governor's reversal was not supported by some evidence in the record, as California law requires.

We have jurisdiction pursuant to 28 U.S.C. §§ 1291, 2253(a). We review de novo the district court's grant of a habeas petition. *Lambert v. Blodgett*, 393 F.3d 943, 964 (9th Cir. 2004). We review for clear error the district court's factual findings. *Id.*

---

[***] The Honorable Liam O'Grady, District Judge for the U.S. District Court for Eastern Virginia, Alexandria, sitting by designation.

After the district court granted Laucella's habeas petition, the Supreme Court issued its opinion in *Swarthout v. Cooke*, 131 S. Ct. 859 (2011). *Cooke* forecloses Laucella's due process claim. In *Cooke*, the Court explained that if a state parole scheme creates a federally protected liberty interest, the Constitution "does not require more" than a prisoner being "allowed an opportunity to be heard and [] provided a statement of the reasons why parole was denied." *Id.* at 862 (quoting *Greenholtz v. Inmates of Neb. Penal and Correctional Complex*, 442 U.S. 1, 16 (1979)).

Here, the California parole scheme creates a liberty interest in parole. *Pearson v. Muntz*, --- F.3d --- (9th Cir. 2011), 2011 WL 1238007 at *4 ("California law creates a liberty interest in parole") (internal quotation marks omitted); *McQuillion v. Duncan*, 306 F.3d 895, 901 (9th Cir. 2002) ("[C]learly established Federal law, as determined by the Supreme Court of the United States provides that California prisoners like McQuillion have a cognizable liberty interest in release on parole.") (internal quotation marks omitted). We therefore reject the State's argument that this court lacks subject matter jurisdiction because Laucella does not have a federally protected liberty interest in parole.

*Cooke* instructs that if a state prisoner has a liberty interest in parole, due process only requires that the prisoner be afforded an opportunity to be heard and

3

be informed of the reasons parole is denied. 131 S. Ct. at 862. This is "the beginning and the end of the federal habeas courts' inquiry into whether [a prisoner] received due process." *Id.* Laucella had an opportunity to be heard at his Board hearing, and the Governor—after considering the same evidence that was before the Board—provided written reasons for reversing the Board's finding that Laucella was suitable for parole. Therefore, even if the district court correctly found that the Governor's decision was not supported by some evidence in the record, Laucella's due process rights were not violated. *See Pearson*, 2011 WL 1238007 at *5 ("*Cooke* makes clear that we cannot consider whether 'some evidence' of dangerousness supported a denial of parole on a petition filed under 28 U.S.C. § 2254.").

**REVERSED.**