**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 18 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KHALIFAH E.D. SAIF'ULLAH, | No. 06-17389 |
| Petitioner - Appellant, | D.C. No. CV-02-02664-MCE/DAD |
| v. | |
| D.K. SISTO and EDMUND G. BROWN, JR., Attorney General, | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Argued August 12, 2010; Resubmitted May 17, 2011
San Francisco, California

Before: GRABER, CALLAHAN, and BEA, Circuit Judges.

In 1980, Khalifah E.D. Saif'ullah was convicted of kidnaping for ransom with a firearm and was sentenced to seven years to life in prison. In July 2000, the California Board of Prison Terms ("Board") again denied him parole because (1) the commitment offense was carried out in a "dispassionate and calculated manner

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

which demonstrated an exceptionally callous disregard for human suffering"; (2) prior to his conviction he had a record of violence; and (3) he had received fourteen write-ups for prison violations. After the California courts denied him relief, Saif'ullah sought federal habeas relief. The district court denied the petition, finding that there was "some evidence" to support the Board's denial of parole. We do not reach the merits of the district court's finding of "some evidence," but affirm pursuant to the Supreme Court's opinion in *Swarthout v. Cooke*, 131 S. Ct. 859 (2011) (per curiam).

While this appeal was pending, the Supreme Court decided *Swarthout*. Therein, the Court stated that "it is no federal concern here whether California's 'some evidence' rule of judicial review (a procedure beyond what the Constitution demands) was correctly applied." *Id*. at 863. It held that the Federal Due Process Clause requires a California inmate to receive only "an opportunity to be heard and . . . a statement of the reasons why parole was denied," and noted that the "correct application of the State's 'some evidence' standard" is not required by the Federal Due Process Clause. *Id*. at 861-62; *see also Roberts v. Hartley*, No. 10-15760, __ F.3d __, 2011 WL 1365811 (9th Cir. April 12, 2011).

Here, the record shows that Saif'ullah had the opportunity to be heard at the 2000 hearing and was given a statement of the reasons for the denial of parole. On

2

this record, and in light of *Swarthout*, Saif'ullah has not demonstrated that the state court's denial of relief "was contrary to, or involved an unreasonable application of, clearly established Federal law" or "was based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d).

**AFFIRMED**.