**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HARRY D'AGOSTIN,<br><br>    Petitioner - Appellant,<br><br> v.<br><br>ROBERT J. HERNANDEZ,<br><br>    Respondent - Appellee. | No. 07-56469<br><br>D.C. No. CV-04-02051-LAB<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted June 15, 2011[**]

Before: CANBY, O'SCANNLAIN, and FISHER, Circuit Judges.

 California state prisoner Harry D'Agostin appeals from the district court's

order denying his 28 U.S.C. § 2254 habeas petition. We have jurisdiction under

28 U.S.C. § 2253, and we affirm.

 D'Agostin contends that the Board of Prison Terms ("Board") found him

---

 [*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

 [**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

unsuitable for parole in 2002 and that its determination, made pursuant to California's Determinate Sentencing Law ("DSL") and implementing regulations, violated the Ex Post Facto Clause because his chances of parole were greater under the Indeterminate Sentencing Law ("ISL"), which was in effect at the time of his offense. This claim fails because D'Agostin has not established that "as applied to his own sentence the [DSL] created a significant risk of increasing his punishment." *Garner v. Jones*, 529 U.S. 244, 255 (2000); *see also Connor v. Estelle*, 981 F.2d 1032, 1034 (9th Cir. 1992) (per curiam) ("[A]pplication of the DSL parole-suitability guidelines to prisoners sentenced under the ISL . . . does not violate the federal constitutional prohibition against *ex post facto* laws."). A fortiori, he cannot establish that the state court decision denying his claims either was contrary to or involved an unreasonable application of clearly established Supreme Court precedent. *See* 28 U.S.C. § 2254(d).

We construe D'Agostin's additional arguments as a motion to expand the certificate of appealability. So construed, the motion is denied. *See* 9th Cir. R. 22-1(e); *see also Swarthout v. Cooke*, 131 S. Ct. 859, 862-63 (2011) (per curiam); *Hiivala v. Wood*, 195 F.3d 1098, 1104-05 (9th Cir. 1999) (per curiam).

**AFFIRMED.**

07-56469