**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HAROLD HARVEY HAWKS, | No. 06-17383 |
| Petitioner - Appellant, | D.C. No. CV-05-02853-JSW |
| v. | |
| ANTHONY KANE; ARNOLD SCHWARZENEGGER, Governor; BOARD OF PRISON TERMS, | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Submitted August 2, 2011[**]

Before:     RYMER, IKUTA, and N.R. SMITH, Circuit Judges.

California state prisoner Harold Harvey Hawks appeals pro se from the

district court's judgment denying his 28 U.S.C. § 2254 habeas petition.  We have

jurisdiction under 28 U.S.C. § 2253, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Hawks contends that the Board of Prison Terms' 2003 decision to deny him parole was not supported by "some evidence" and therefore violated his due process rights. The only federal right at issue in the parole context is procedural, and the only proper inquiry is what process the inmate received, not whether the state court decided the case correctly. *See Swarthout v. Cooke*, 131 S. Ct. 859, 863 (2011) (per curiam). Hawks raises no procedural challenges, so his claim is not cognizable.

Hawks contends that the parole regulation set forth in section 2402(c)(1) of the California Code of Regulations is unconstitutionally vague. The state court's rejection of this claim was neither contrary to, nor an unreasonable application of, clearly established federal law because the regulation is not "too vague to provide any guidance." *Arave v. Creech*, 507 U.S. 463, 471 (1993); *see also Hess v. Bd. of Parole and Post-Prison Supervision*, 514 F.3d 909, 913 (9th Cir. 2008) ("The Due Process Clause does not require the same precision in the drafting of parole release statutes as is required in the drafting of penal laws.").

Hawks also contends that the Board's denial of parole violated his rights under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), or *Blakely v. Washington*, 542 U.S. 296 (2004). The state court's rejection of this claim was neither contrary to, nor an unreasonable application of, federal law because the Board did not increase

Hawks' sentence beyond the statutory maximum of life imprisonment for his crime of second degree murder.

Hawks's motion for judicial notice is denied.

**AFFIRMED.**