**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| EDWARD CHARLES WILLIAMS, | No. 08-55395 |
| Petitioner - Appellant, | D.C. No. 2:06-cv-04494-DDP-SH |
| v. | |
| ARNOLD SCHWARZENEGGAR, Governor, | MEMORANDUM* |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Argued and Submitted October 11, 2011
Pasadena, California

Before:    LEAVY and WARDLAW, Circuit Judges, and MAHAN, District
Judge.**

Edward Charles Williams appeals from the district court's judgment denying

his 28 U.S.C. § 2254 habeas corpus petition.  We have jurisdiction under 28 U.S.C.

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*       The Honorable James C. Mahan, United States District Judge for the District of Nevada, sitting by designation.

§ 2253. We review de novo a district court's decision to deny a habeas petition and review findings of fact for clear error. *Christian v. Rhode*, 41 F.3d 461, 464 (9th Cir. 1994).

In its reply brief, the state argues that appellate review is procedurally improper because Williams has already been released on parole and no certificate of appealability has been issued. As to the first contention, we conclude that the case is not moot. A live controversy exists because Williams remains on parole and we may grant his immediate release from parole if we find parole was improperly delayed. *See McQuillion v. Duncan*, 342 F.3d 1012, 1015 (9th Cir. 2003). Second, a certificate of appealability was not issued in this case because the district court relied on since-overturned case law. The failure to issue a certificate under these circumstances is excusable. *See Hayward v. Marshall*, 603 F.3d 546, 554-55 (9th Cir. 2010) (en banc). We may issue the certificate sua sponte, and we do so here. *Id.*

Under AEDPA, a habeas petitioner must demonstrate that the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or was "based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d).

08-55395

Williams' due process claims are precluded by the Supreme Court's recent decision in *Swarthout v. Cooke*, 131 S. Ct. 859 (2011) (per curiam). In *Swarthout* the Supreme Court explained that in habeas petitions challenging parole denials, the federal due process clause requires only an opportunity to be heard and a statement of the reasons why parole was denied. *Id.* at 862. (citing *Greenholtz v. Inmates of Neb. Penal and Correctional Complex*, 422 U.S. 1, 16 (1979)). As the Court explained, this is "the beginning and the end of the federal habeas courts' inquiry into whether [an inmate] receive[s] due process." *Id.* Williams received an opportunity to be heard and a statement of reasons why parole was denied.

The state court decisions rejecting Williams's ex post facto claims are not contrary to, nor an unreasonable applications of, clearly established federal law, as reflected in Supreme Court decisions. In *Garner v. Jones*, 529 U.S. 244 (2000), the Supreme Court held that a Georgia law reducing the frequency of parole hearings did not violate the ex post facto clause because it did not lead to the exercise of less discretion. *Id.* at 254. In summarily dismissing Williams's state habeas petition, the California Court of Appeal cited *In re Rosenkrantz*, 29 Cal. 4th 616 (2002). In that decision, the California Supreme Court concluded that nothing in *Garner* leads to the conclusion that art. V, § 8(b) of the California constitution

(providing for gubernatorial review of state parole board decisions) violated the ex post facto clause, so long as "the Governor's review is limited to the same considerations that inform the Board's decision." *In re Rosenkrantz*, 29 Cal. 4th at 651, 660-61. Here, the governor found that Williams's role in the murder was sufficient to reverse the board's decision to grant parole. This consideration was equally available to the board.

Further, it cannot "be said with certainty that the [board] would have granted [Williams] parole had it possessed the final review authority. *Johnson v. Gomez*, 92 F.3d 964, 967 (9th Cir. 1996). Therefore, Williams cannot show "with certainty" that the board would have granted parole absent the governor's power of review. *See id.* at 967-68. The board explained that it disagreed with court orders recommending a finding of parole suitability, but nevertheless set a parole date. Had the board known it was the final arbiter of Williams' parole suitability, it may have been less lenient and more steadfast in its opposition to the court's recommendations.

Accordingly, Williams has failed to establish that the state court decisions rejecting his ex post facto claims were contrary to, or unreasonable applications of, clearly established federal law, as reflected in Supreme Court decisions.

**AFFIRMED.**