**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BYRON HIBBERT, | No. 06-56839 |
| Petitioner - Appellant, | D.C. No. 2:04-cv-00504-SJO |
| v. | |
| A. P. KANE, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Submitted February 21, 2012[**]

Before:      FERNANDEZ, McKEOWN, and BYBEE, Circuit Judges.

California state prisoner Byron Hibbert appeals pro se from the district

court's judgment denying his 28 U.S.C. § 2254 habeas petition. We dismiss.

Hibbert contends that the Board's 2001 decision to deny him parole violated

his due process rights because it was not supported by "some evidence" of

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

dangerousness after he is deported. After briefing was completed in this case, this court held that a certificate of appealability ("COA") is required to challenge the denial of parole. *See Hayward v. Marshall*, 603 F.3d 546, 554-55 (9th Cir. 2010) (en banc). Now the Supreme Court has held that the only federal right at issue in the parole context is procedural, and the only proper inquiry is what process the inmate received, not whether the state court decided the case correctly. *See Swarthout v. Cooke*, 131 S. Ct. 859, 863 (2011) (per curiam). Hibbert received all of the process to which he was due. *See id*. at 862. Accordingly, a COA cannot issue, and we dismiss the appeal for lack of jurisdiction. *See* 28 U.S.C. § 2253(c)(2).

Further, because Hibbert has not has made a substantial showing of the denial of a constitutional right, we decline to certify his remaining claims. *See id*.

**DISMISSED.**