**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JIM DALE DAVIS, | No. 11-55649 |
| Petitioner-Appellant, | D.C. No. 3:09-cv-02922-JLS (POR) |
| v. | |
| LARRY SMALL, Warden, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Southern District of California
Janis Sammartino, District Judge, Presiding

Argued and Submitted October 6, 2014
Pasadena, California

Before: EBEL,[**] KLEINFELD, and GRABER, Circuit Judges.

Jim Davis, a California state prisoner who is serving four consecutive life-without-parole sentences, appeals the district court's order granting Larry Small's ("the Warden") motion to dismiss under Rule 12(b)(6). The district court concluded that claim preclusion barred Davis's 42 U.S.C. §

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The Honorable David M. Ebel, Senior Judge for the United States Court of Appeals for the Tenth Circuit, sitting by designation.

1983 action and alternatively, that Davis failed to state a plausible claim for relief under the Due Process Clause. We review both conclusions de novo. Coto Settlement v. Eisenberg, 593 F.3d 1031, 1034 (9th Cir. 2010); E. & J. Gallo Winery v. Gallo Cattle Co., 967 F.2d 1280, 1287 (9th Cir. 1992). Exercising our jurisdiction under 28 U.S.C. § 1291, we AFFIRM.[1]

## I. Background

In 2008, a sharp metal object was discovered inside a light fixture in Davis's prison cell. Following an administrative disciplinary proceeding, Davis was convicted of possessing dangerous contraband. As a result, Davis lost his paying prison job, his ability to transfer to facilities with better programs, and some of his phone and yard privileges.[2]

Davis appealed. After exhausting his administrative remedies, Davis

---

[1] During oral argument, Davis suggested that title 15, section 3287(a) of the California Code of Regulations and Prison Search Policy section 52050.15—which call on prison officials to inspect cells prior to occupancy by new inmates—give inmates a private cause of action against the prison for failing to conduct pre-occupancy cell inspections. We do not rule on that issue because our other grounds for affirming make it unnecessary to do so. We do note, however, that neither provision clearly expresses or implies any intent to give inmates a private cause of action.

[2] Davis also lost 120 days of good-time credit. However, because Davis has no possibility of being released from prison due to his four consecutive life-without-parole sentences, these forfeited good-time credits are not relevant to our analysis, as Davis concedes.

filed a habeas action in state court, arguing that he was denied due process. Both the California Superior Court and a division of the California Court of Appeal issued reasoned decisions denying Davis's habeas petition. Subsequently, the California Supreme Court summarily denied Davis's petition for certiorari. Davis then filed this federal action.

## II. Claim Preclusion

The district court properly concluded that Davis's previous state habeas action bars his current federal § 1983 action, applying California law. See Gonzales v. Cal. Dep't of Corr., 739 F.3d 1226, 1231–32 (9th Cir. 2014). California's claim-preclusion doctrine bars (1) the same parties from relitigating (2) an identical cause of action in a second suit if (3) the first suit resulted in a final judgment on the merits. See Mycogen Corp. v. Monsanto Co., 51 P.3d 297, 301–02 (Cal. 2002). Davis disputes only the second requirement.

Under California's claim-preclusion law, two actions are identical when they involve the same "primary right"—i.e, when they involve "the same injury to the plaintiff and the same wrong by the defendant." Gonzales, 739 F.3d at 1232–33 (internal quotation mark omitted). Here, both actions involve the same alleged injury to Davis (the administrative

3

conviction and attendant loss of privileges) and the same alleged wrong by the Warden (the deprivation of Davis's liberty without due process). The two actions are therefore identical. See Mycogen Corp., 51 P.3d at 307 (explaining that one injury gives rise to only one claim for relief even "where there are multiple legal theories upon which recovery might be predicated" (internal quotation marks omitted)).

### III. Due Process

The district court also properly concluded that Davis failed to state a plausible claim for relief under the Due Process Clause. To state a plausible procedural-due-process claim, Davis must allege that (1) he was deprived of a protected liberty or property interest, and (2) the procedures followed by the state in depriving him of that interest were constitutionally insufficient. See Swarthout v. Cooke, 131 S. Ct. 859, 861 (2011) (per curiam). Protected liberty interests may arise from either the Due Process Clause itself or from state law. Sandin v. Conner, 515 U.S. 472, 483–84 (1995). A state law can create a protected liberty interest in avoiding particular conditions of prison confinement if the challenged condition "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484.

4

Davis fails plausibly to allege that the Warden deprived him of a protected liberty interest.  See Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009).  First, the Due Process Clause itself does not give rise to a protected liberty interest in a paying prison job, the possibility of favorable transfers, or particular phone and yard privileges.  Second, Davis cannot establish the existence of a state-created liberty interest because he neither identifies a state law governing the challenged conditions of confinement nor demonstrates that these conditions impose an atypical and significant hardship on him.  See Sandin, 515 U.S. at 487 (explaining that punishment in the prison setting is not atypical if it is "within the range of confinement to be normally expected for one serving [the underlying sentence]").

AFFIRMED.