DLD-133                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3350
_____

CRAIG ALFORD,
                                        Appellant

v.

LAQUISE, Hearing Examiner; DORINA VARNER, Chief Hearing Examiner;
SECRETARY JOHN WETZEL; SUPERINTENDENT JOHN KERESTES;
SUPERINTENDENT BRENDA TRITT
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3-14-cv-00013)
District Judge:  Honorable James M. Munley
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 12, 2015

Before:  FISHER, SHWARTZ and SLOVITER, Circuit Judges

(Opinion filed: March 19, 2015)
_____

OPINION*
_____

PER CURIAM

Craig Alford, proceeding pro se and in forma pauperis, appeals from the District Court's order dismissing his complaint pursuant to 28 U.S.C. §§ 1915A(b)(1), 1915(e)(2)(B)(ii).

Alford filed a complaint pursuant to 42 U.S.C. § 1983 against officials at the State Correctional Institute in Mahanoy claiming violations of his Fourteenth Amendment due process rights, stemming from a disciplinary hearing in which Alford alleges he was not given the opportunity to be heard or to present witness testimony or documentary evidence. Following the hearing, Alford was found guilty of fighting and was sentenced to ninety days of disciplinary custody. Alford argues that in addition to the direct sentence issued at his disciplinary hearing, he further suffered the loss of: (1) a high-paying job; (2) a low custody level status; (3) his privilege of "reparole"; and (4) his ability to move about the institution freely.

The District Court dismissed Alford's complaint as frivolous, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i), (ii) and § 1915A(b)(1), noting that Alford had previously raised the same claims as part of a habeas corpus petition, and the court there, interpreting the petition as raising both habeas and § 1983 claims, had held that they were without merit. See Alford v. PA Dep't of Corr., No. 3:13cv435, 2014 WL 310100, at *2-4 (M.D. Pa. January 28, 2014). Alford now appeals the dismissal of his complaint.

---

* This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, and exercise plenary review over the District Court's sua sponte dismissal of the federal claims. Lake v. Arnold, 232 F.3d 360, 365 (3d Cir. 2000) (citations omitted). We must "accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn from them." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996). We may summarily affirm the decision of the District Court if no substantial question is presented on appeal. *See* L.A.R. 27.4; I.O.P. 10.6.

We agree with the District Court that Alford's complaint does not state a claim because he fails to show any deprivation of a protected liberty or property interest that occurred without due process of law. *See Burns v. Pa. Dep't of Corr.*, 544 F.3d 279, 285 (3d Cir. 2008). Prisoners typically have a protected liberty interest only in "freedom from restraint" that "imposes atypical and significant hardship…in relation to the ordinary incidents of prison life." Sandin v. Connor, 515 U.S. 472, 484 (1995). Disciplinary or segregated confinement is "rarely . . . sufficient, without more, to establish the kind of 'atypical' deprivation of prison life necessary to implicate a liberty interest." Smith v. Mensinger, 293 F.3d 641, 653-54 (3d Cir. 2002) (holding that seven months of disciplinary confinement was insufficient to implicate a protected liberty interest). Alford was sentenced to ninety days of disciplinary detention and, according to his response filed before this Court, only served sixty of those days. His disciplinary

3

detention, therefore, does not constitute the sort of "atypical deprivation of prison life" that "implicate[s] a liberty interest." Smith, 293 F.3d at 653-54.

Alford's claim regarding his expectation for parole likewise fails because the Due Process Clause does not establish a protected liberty interest in the expectation of release on parole. See Swarthout v. Cooke, 562 U.S. 216, 220 (2011). Moreover, Pennsylvania does not recognize "a protected liberty interest, or due process rights, in parole until the inmate is actually released on parole." Nieves v. Pa. Bd. of Prob. & Parole, 995 A.2d 412, 418 (Pa. Commw. Ct. 2010). See also Burkett v. Love, 89 F.3d 135, 139 (3d Cir. 1996) (holding that parole is not a constitutionally protected liberty interest under Pennsylvania law). Alford had not been released on parole at the time of his hearing and therefore did not acquire a protected liberty interest in the grant of parole.

Alford's remaining claims regarding his loss of the freedom to move about the institution, and his loss of employment at the institution, likewise fail to implicate protected liberty interests. See Olim v. Wakinekona, 461 U.S. 238, (1983) (explaining that there is no protected liberty interest in the custody level or "degree of confinement" of inmates); James v. Quinlan, 866 F.2d 627, 630 (3d Cir. 1989) (holding that prisoners do not have a protected liberty or property interest in prison employment).

Finally, given that Alford merely repeated claims that he had previously raised, and which the District Court previously explained do not give rise to any protected liberty interests, amendment in this case would have been futile. See Grayson v. Mayview State

4

Hosp., 293 F.3d 103, 108 (3d Cir. 2002).  Nor does Alford dispute that the claims and allegations raised here are duplicative of those previously addressed by the District Court.

For the forgoing reasons, we conclude that the appeal presents no substantial question, and we will affirm the judgment of the District Court.