**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 23 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

THERESA ANNETTE TORRICELLAS,

Plaintiff-Appellant,

v.

KIMBERLY HUGHES, Warden (A) former, in official capacity; et al.,

Defendants-Appellees.

No. 17-56955

D.C. No. 5:17-cv-00928-AG-AJW

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Submitted August 15, 2018[**]

Before:    FARRIS, BYBEE, and N.R. SMITH, Circuit Judges.

California state prisoner Theresa Annette Torricellas appeals pro se from the district court's judgment dismissing her 42 U.S.C. § 1983 action alleging constitutional violations arising out of her disciplinary hearing and parole hearing. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1915A. *Wilhelm v. Rotman*, 680 F.3d 1113, 1118 (9th Cir. 2012). We may affirm on any basis supported by the record, *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008), and we affirm in part, vacate in part, and remand.

The district court properly dismissed Torricellas's retaliation claims because Torricellas failed to allege facts sufficient to show that the challenged actions did not advance legitimate goals of the correctional institution. *See Watison v. Carter*, 668 F.3d 1108, 1114-15 (9th Cir. 2012) (elements of a retaliation claim in the prison context).

The district court properly dismissed Torricellas's due process claims stemming from her disciplinary hearing because Torricellas failed to allege facts sufficient to establish that defendants' actions implicate a constitutionally-protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472, 484-85 (1995) (a constitutionally protected liberty interest arises only when a restraint imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life"). To the extent Torricellas contends that the disciplinary hearing resulted in a loss of good time credits that will affect the duration of her sentence, her claim is *Heck*-barred. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (barring § 1983 actions when judgment in favor of the plaintiff would necessarily imply the invalidity of a sentence not otherwise invalidated).

17-56955

The district court properly dismissed Torricellas's due process claims stemming from her parole hearing because Torricellas failed to allege facts sufficient to show that the parole hearing denied her due process, including "an opportunity to be heard and [ ] a statement of the reasons why parole was denied." *Swarthout v. Cooke*, 562 U.S. 216, 220 (2011) (a federal due process claim in parole context requires only that prisoner be provided with an opportunity o be heard and a statement of the reasons why parole was denied).

The district court dismissed Torricellas's ex post facto claim on the basis of its conclusion that *Gilman v. Brown*, 814 F.3d 1007 (9th Cir. 2016), held that Marsy's Law does not violate the Ex Post Facto Clause. However, *Gilman* held that Marsy's Law did not violate the Ex Post Facto Clause as applied to the facts of that case. *See id.* at 1021. Because the district court erred in concluding that Torricellas's ex post facto claim was foreclosed per se by *Gilman*, we vacate the district court's judgment in part and remand for further proceedings on Torricellas's ex post facto claim only.

Although the district court did not directly address Torricellas's motion for a preliminary injunction, denial of injunctive relief was proper because Torricellas failed to demonstrate a likelihood of success on the merits. *See Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20-21 (2008) (factors for evaluating a motion for a preliminary injunction); *Sierra Forest Legacy v. Rey*, 577 F.3d 1015, 1021 (9th

17-56955

Cir. 2009) (standard of review).

We reject as unsupported by the record Torricellas's contentions regarding the magistrate judge's jurisdiction, the standard of review applied by the district court, and the alleged failure to consider all of her claims.

**AFFIRMED in part, VACATED in part, and REMANDED.**

17-56955