**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 20 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DAVID ANDREWS, | No.   19-17087 |
| Plaintiff-Appellant, | D.C. No. 7-cv-04363-YGR |
| v. | |
| B. MARTINEZ, et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Yvonne Gonzales Rogers, District Judge, Presiding

Submitted November 18, 2020**

Before:  O'SCANNLAIN, TROTT, and N.R. SMITH, Circuit Judges.

David Andrews appeals from the district court's grant of summary judgment

in favor of employees of the California Board of Parole Hearings and the

Correctional Training Facility in Soledad, California. The facts are known to the

parties, so we repeat them only as necessary to explain our decision.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

I

The district court correctly granted summary judgment on Andrews's deprivation of due process claims related to the denial of parole release.

A

While there is a California-created liberty interest in parole release, *McQuillion v. Duncan*, 306 F.3d 895, 901–03 (9th Cir. 2002), the procedures required for due process are "minimal." *Swarthout v. Cooke*, 562 U.S. 216, 220 (2011). Under *Swarthout*, the prisoner receives adequate process when he has "an opportunity to be heard" and is provided "a statement of the reasons why parole was denied." *Id.* "The Constitution does not require more." *Greenholtz v. Inmates of Nebraska Penal and Corr. Complex*, 442 U.S. 1, 16 (1979).

B

Undisputed facts in the record show that Andrews had an opportunity to be heard and was provided a statement of the reasons why parole was denied. Andrews's November 2015 and March 2016 hearings were continued so that he could collect documents and prepare his presentation to the parole board. Andrews had notice of his September 2016 hearing and submitted documents for the board's consideration, which the parole hearing panel acknowledged. During the hearing, Andrews actively participated. He testified, asked questions, and objected to certain evidence. He had multiple opportunities to clarify or to correct the record.

At the close of the hearing, Andrews received a thorough explanation of the reasons he was denied parole release. These undisputed facts end the federal inquiry. *Miller v. Oregon Bd. of Parole & Post-Prison Supervision*, 642 F.3d 711, 717 (9th Cir. 2011). Any further "responsibility for ensuring that the constitutionally adequate procedures governing California's parole system are properly applied rests with California courts, and is no part of the Ninth Circuit's business." *Swarthout*, 562 U.S. at 222.

## II

Defendants-Appellees are also entitled to qualified immunity from Andrews's civil damages claims because they did not violate clearly established law. *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). Neither the Supreme Court nor the Ninth Circuit has established greater due process protections than the minimal ones described above, so Defendants-Appellees could reasonably believe the parole hearing provided to Andrews passed constitutional muster.

**AFFIRMED.**