

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-92,431-01

### EX PARTE JAMES GARRY SOUDERS III, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 10020A IN THE 27TH DISTRICT COURT
### FROM LAMPASAS COUNTY

*Per curiam*.

## O R D E R

Applicant was convicted of evading arrest and sentenced to imprisonment. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that the Board of Pardons and Paroles denied him procedural due process in reviewing him for parole release. There is no response in the habeas record from the Parole Board. Applicant has alleged facts that, if true, might entitle him to relief. *See Swarthout v. Cooke*, 131 S.Ct. 859 (2011). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order the Board of Pardons and Paroles's Office of the General Counsel to obtain a response from a person with

knowledge of relevant facts. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether Applicant was denied procedural due process in his parole review. The trial court may make any other findings and conclusions that it deems appropriate.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed:  March 31, 2021

Do not publish