[Cite as *State v. Taylor*, 2023-Ohio-4724.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

NICHOLE R. TAYLOR,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 23 MA 0008**

---

Criminal Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 20 CR 127A

**BEFORE:**
Carol Ann Robb, David A. D'Apolito, Mark A. Hanni, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Gina DeGenova,* Mahoning County Prosecutor*, Atty. Edward A. Czopur,* Assistant Mahoning County Prosecutor*,* Mahoning County Prosecutor's Office, for Plaintiff-Appellee and

*Atty. James R. Wise,* for Defendant-Appellant.

Dated: December 21, 2023

**Robb, J.**

{¶1} Defendant-Appellant Nichole R. Taylor appeals after sentencing on the guilty plea she entered in the Mahoning County Common Pleas Court. She contests the constitutionality of the indefinite sentencing statutes known as the Reagan Tokes Law. For the following reasons, the trial court's sentencing judgment is affirmed.

<u>STATEMENT OF THE CASE</u>

{¶2} On March 12, 2020, Appellant was indicted for aggravated burglary, two counts of attempted murder, two counts of felonious assault, and attempted arson. Firearm specifications were attached to all counts except attempted arson. On October 31, 2022, she pled guilty to aggravated burglary, two counts of attempted murder, and the firearm specifications attached to those offenses.

{¶3} At the December 28, 2022 sentencing hearing, the court imposed prison terms of 9 to 13.5 years for each attempted murder, 3 to 4.5 years for aggravated burglary, and 3 years for the firearm specifications. Despite the state's consecutive sentencing recommendation, the court imposed concurrent terms on the offenses, plus the mandatory consecutive term of 3 years for one firearm specification, for a total of 12 to 16.5 years in prison. (12/29/22 J.E.).

{¶4} Appellant filed a timely notice of appeal. On request, the case was stayed pending an Ohio Supreme Court decision on the constitutionality of the Reagan Tokes Law. The stay was lifted when the decision was released in *State v. Hacker*, __ Ohio St.3d __, 2023-Ohio-2535, __ N.E.3d __.

<u>ASSIGNMENT OF ERROR</u>

{¶5} Appellant's sole assignment of error contends:

"Sentencing Defendant pursuant to the Reagan-Tokes Act violates the Separation of Powers and Due Process."

{¶6} The Reagan Tokes Law went into effect on March 22, 2019. Under this law, the sentencing court imposes an indefinite sentence for a felony of the first or second degree; the court must impose both a minimum term and a maximum term. R.C. 2929.144(C). The maximum term of imprisonment is based on a formula applied to the

minimum term chosen by the court from those available (or required) under R.C. 2929.14(A)(1)(a) and (A)(2)(a). R.C. 2929.144(B)(1). The end of the minimum term is the presumptive release date. R.C. 2967.271(B) (unless "earned early release" occurs[1]). The propriety of releasing the offender on the presumptive date is rebuttable at a hearing if the Department of Rehabilitation and Correction (DRC) determines the prisoner's institutional conduct meets one of the criteria in R.C. 2967.271(C)(1)-(3), in which case the DRC can "maintain" incarceration for an additional period not to exceed the maximum sentence. R.C. 2967.271(D)(1). The prisoner will receive notice of the hearing in the same manner applicable to hearings regarding possible release on parole. R.C. 2967.271(E).

{¶7} First, Appellant argues the sentencing scheme in the Reagan Tokes Law violates separation of powers principles. She says the legislative branch unconstitutionally provided the executive branch with power to encroach upon the powers reserved to the judicial branch. She equates the Reagan Tokes Law with the state's former "bad time" law (R.C. 2967.11), which was found unconstitutional by the Ohio Supreme Court because it was viewed as allowing the executive branch to try, convict, and sentence prisoners for offenses committed in prison. *See State ex rel. Bray v. Russell*, 89 Ohio St.3d 132, 136, 729 N.E.2d 359 (2000).

{¶8} The Ohio Supreme Court recently rejected this comparison in *Hacker* where the Court pointed to a subsequent decision on the post-release control statute (R.C. 2967.28), wherein the Court explained that any additional sentence was part of the sentence imposed by the sentencing court. *Hacker*, __ Ohio St.3d __, 2023-Ohio-2535, ¶ 17-25, citing *Woods v. Telb*, 89 Ohio St.3d 504, 733 N.E.2d 1103 (2000) (superseded by statute on other grounds). The *Hacker* Court found sentencing under the Reagan Tokes Law was analogous to the post-release control statute analyzed in *Woods* because if the DRC determines "the presumption of release is rebutted as the result of an offender's behavior during his incarceration, [then] the additional time that the offender may have to serve is limited by the sentence that has already been imposed by the trial court." *Id.* at ¶ 23.

---

[1] The DRC director may also recommend to the sentencing court a prisoner's early release from the minimum, giving rise to a rebuttable presumption of early release. R.C. 2967.271(A)(2),(F).

**{¶9}** Accordingly, the Court in *Hacker* concluded: "allowing the DRC to rebut the presumption of release for disciplinary reasons does not exceed the power given to the executive branch and does not interfere with the trial court's discretion when sentencing an offender. Therefore, we hold that the Reagan Tokes Law does not violate the separation-of-powers doctrine." *Id.* at ¶ 25. Upon such precedent, Appellant's separation of powers argument is hereby overruled.

**{¶10}** Second, Appellant argues the Reagan Tokes Law violates the due process clause of the federal and state constitutions. She emphasizes a prisoner retains some due process rights during their incarceration. *Hewitt v. Helms*, 459 U.S. 460, 467, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983) (while observing, "[if] the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, [then] the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight"). She points out the challenged statute specifically calls the extended term an "additional period of incarceration." R.C. 2967.271(D). She concludes the rebuttable presumption of release at the end of the minimum term in R.C. 2967.271(B) and (C) creates a liberty interest that invokes due process protections including a right to fair procedures and a fair hearing before she can be "maintained" in prison.

**{¶11}** Appellant reasons the imposition of an additional period of incarceration after the minimum sentence is served is violative of these principles because DRC will use discretion in an adversarial manner to adjudicate the merits of its own evidence presented in rebuttal of her presumptive release date without providing the right to a neutral magistrate. She quotes: "It is a fundamental tenet of due process that the decision to restrict an individual's freedom can only be made by a neutral magistrate, not by law enforcement officials whose primary purpose is to place offenders in jail." *White v. Konteh*, 11th Dist. Trumbull No. 99-T-0020 (Mar. 23, 1999) (finding the bad time statute violated due process). We note the appeal of the *White* case was consolidated with the Supreme Court's *Bray* case, wherein the Court based the ruling only on separation of powers grounds. *Bray*, 89 Ohio St.3d at 133-134.

**{¶12}** In the recent *Hacker* decision, the Supreme Court rejected due process claims that the Reagan Tokes Law was void for vagueness, provided inadequate notice

about what would trigger continued incarceration, and provided "unfettered discretion" to DRC officials. *Hacker*, __ Ohio St.3d __, 2023-Ohio-2535 at ¶ 30-34. The Supreme Court also rejected the argument that the law was insufficient to protect procedural due process rights, pointing out the statute provides for a hearing before offenders are deprived of the interest granted by the statute. *Id.* at ¶ 35-40, citing R.C. 2967.271(C). The Court concluded the terms of the Reagan Tokes Law do not deprive offenders of notice and an opportunity to be heard at a meaningful time and in a meaningful manner. *Id.* at ¶ 39 (refusing to speculate on any hypotheticals involving the specifics of a future hearing).

{¶13} In previously analyzing due process arguments on the Reagan Tokes Law, we looked to parole hearings where "the procedures required are minimal" but provide adequate due process if the inmate is provided meaningful notice and opportunity to be heard. *State v. Rose*, 2022-Ohio-3529, 202 N.E.3d 1, ¶ 75 (7th Dist.), quoting *Swarthout v. Cooke*, 562 U.S. 216, 220, 131 S.Ct. 859, 178 L.Ed.2d 732 (2011). We pointed out the Reagan Tokes Law provides notice before a hearing and concluded DRC's discretion when determining whether to extend the minimum incarceration term (where the maximum was also imposed by a court at sentencing) is not distinguishable from the discretion exercised when determining parole issues. *Id.* at ¶ 74, 77. Based on these observations and the ruling in *Hacker*, Appellant's second argument is without merit.

{¶14} For the foregoing reasons, the trial court's judgment sentencing Appellant under the Reagan Tokes Law is affirmed.


D'Apolito, P.J., concurs.

Hanni, J., concurs.


Case No. 23 MA 0008

---

For the reasons stated in the Opinion rendered herein, the assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is affirmed.  Costs waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**