FILED

**NOT FOR PUBLICATION**

APR 20 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHN YOUNG, | No. 09-56642 |
| Plaintiff - Appellant, | D.C. No. 2:07-cv-03190-RSWL-RZ |
| v. | |
| ARON WOLFE; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Ronald S.W. Lew, Senior District Judge, Presiding

Argued and Submitted April 11, 2012
Pasadena, California

Before: FERNANDEZ and SILVERMAN, Circuit Judges, and BLOCK, Senior
District Judge.[**]

Plaintiff John Young filed this 42 U.S.C. § 1983 case against the Los

Angeles Sheriff's Department and multiple sheriff's officers—of which all but

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Frederic Block, Senior District Judge for the U.S.
District Court for the Eastern District of New York, sitting by designation.

Defendants Wolfe, Ochoa, Martinez, and Smith were dismissed. Relevant to this appeal are Young's § 1983 claims for malicious prosecution and excessive force.

First, we review the district court's grant of summary judgment de novo. *Delia v. City of Rialto*, 621 F.3d 1069, 1074 (9th Cir. 2010).

The district court erred when it ruled, *sua sponte*, that Young's malicious prosecution claim failed because he remained in custody on his two-year conviction for receiving stolen property during the entire prosecution relating to the fight. The district court was required to give Young notice and an opportunity to respond before granting Defendants' motion for summary judgment on a ground not raised by Defendants. *Greene v. Solano Cnty. Jail*, 513 F.3d 982, 990 (9th Cir. 2008).

Young had no notice that the length of his incarceration would be at issue and he was therefore never able to develop facts tending to show that he would have been released before his acquittal on the charges relating to the fight. If it is true that after considering Young's mandatory good time credits he would have been released before he was acquitted had he not been held in county jail on the battery charges, he may have been deprived of a liberty interest. *See Hayward v. Marshall*, 603 F.3d 546, 556-57 (9th Cir. 2010), *overruled on other grounds in Swarthout v. Cooke*, 131 S. Ct. 859, 863 n.* (2011).

Second, we review the district court's decision not to enforce the two writs directing Neve and Sutton to appear, as well as the district court's denial of the request for a continuance or stay pending their appearance, for abuse of discretion. *See Wiggins v. Alameda Cnty.*, 717 F.2d 466, 468 n.1 (9th Cir. 1983); *Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 961 (9th Cir. 2001).

Writs should be directed at the person having custody of the prisoner and it is the custodian's duty to produce the detainee. *Pa. Bureau of Corr. v. U.S. Marshals Serv.*, 474 U.S. 34, 38-39 (1985). Here, the writ applications indicated that the custodians were wardens John Marshall and J. Choate.

Young established the importance of Neve and Sutton's testimony to his case, and the district court acknowledged the importance of Sutton's testimony in its summary judgment order.

The record is silent as to why the wardens, as the appropriate custodians, did not present Neve and Sutton before the district court on September 8, 2009 as directed. There is no evidence in the record that Young or his counsel were at fault for the witnesses' non-appearance. We fail to understand why the district court would not take appropriate steps to enforce the writs. Counsel for Defendants was unable to identify any legitimate basis to justify the district court's exercise of discretion in this fashion.

It was therefore an abuse of discretion for the district court to decline to effectuate the writs or grant Young a continuance.

Finally, we review de novo whether a jury instruction misstates the law. *Duran v. City of Maywood*, 221 F.3d 1127, 1130 (9th Cir. 2000).

The district court did not err in giving a jury instruction modeled after an Eighth Amendment excessive force instruction. After arraignment, the Due Process Clause of the Fourteenth Amendment protects a detainee from excessive force amounting to punishment. *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989). A pretrial post-arraignment detainee's rights under the Fourteenth Amendment are comparable to a prisoner's rights under the Eighth Amendment, *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998), so, post-arraignment, the Eighth Amendment "malicious and sadistic" standard applies. The pre-arraignment cases cited do not apply here because Young had already been arraigned when the fight occurred; the Fourth Amendment's protection ends at "the time such arrestee is released or found to be legally in custody based upon probable cause for arrest." *Pierce v. Multnomah Cnty., Or.*, 76 F.3d 1032, 1043 (9th Cir. 1996).

REVERSED and REMANDED.