

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALEXANDER MEZHBEIN,<br><br>   Petitioner - Appellee,<br><br> v.<br><br>J. F. SALAZAR, Warden,<br><br>   Respondent - Appellant. | No. 08-55131<br><br>D.C. No. CV-06-08059-DOC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Submitted May 7, 2012[**]
Pasadena, California

Before: WARDLAW, PAEZ, and RAWLINSON, Circuit Judges.

 Warden J.F. Salazar appeals the district court's grant of inmate Alexander

Mezhbein's 28 U.S.C. § 2254 petition for writ of habeas corpus. We have

jurisdiction under 28 U.S.C. § 2253, and we reverse.

---

  [*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

  [**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

**1.**     Although Mezhbein was released from prison pursuant to an order of the district court, this appeal is not moot. Mezhbein's release was effected by the very order that the Warden now argues was in error. *See Eagles v. United States ex rel. Samuels*, 329 U.S. 304, 307–08 (1946) ("Though the writ has been granted and the prisoner released, the appellate court by what it does is not rendering an opinion and issuing an order which cannot affect the litigants in the case before it. . . . Reversal undoes what the habeas corpus court did and makes lawful a resumption of the custody.").

**2.**     Mezhbein argues that the Warden failed to appeal the district court's order subsequent to its initial grant of Mezhbein's habeas petition, which directed the state governor to consent to Mezhbein's release from prison. The Warden was not obligated to appeal the district court's subsequent order, because the relevant judgment in a federal habeas appeal is the district court's grant or denial of the writ itself. *See* 28 U.S.C. § 2253(a); *see also Eagles*, 329 U.S. at 307.

**3.**     Federal due process requires only that a prisoner seeking parole receive an opportunity to be heard, notification of the reasons for any denial, and advance access to the record. *See Swarthout v. Cooke*, 131 S. Ct. 859, 862 (2011). Mezhbein concedes that he was afforded this constitutionally adequate process.

**4.**     Finally, we note that since his release, Mezhbein has lived peaceably in Southern California for five years. That the state is constitutionally entitled to return him to custody does not mean that it would be judicious to do so.

**REVERSED**.