NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| OSHAY JOHNSON, | No. 14-16712 |
| Plaintiff - Appellant, | D.C. No. 2:13-cv-01730-KJM-KJN |
| v. | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION; et al., | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, District Judge, Presiding

Submitted August 25, 2015**

Before:    McKEOWN, CLIFTON, and HURWITZ, Circuit Judges.

Oshay Johnson, a California state prisoner, appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging that he has been

denied treatment for antisocial personality disorder ("ASPD") and that his ASPD

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

diagnosis should not be used as a basis to deny him parole. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915A, *Hamilton v. Brown*, 630 F.3d 889, 892-893 (9th Cir. 2011), and we affirm.

The district court properly dismissed Johnson's Eighth Amendment claim regarding treatment for ASPD because Johnson failed to allege facts sufficient to show that defendants were deliberately indifferent to his serious medical needs. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (a prison official is deliberately indifferent only if he or she "knows of and disregards an excessive risk to inmate health").

The district court properly dismissed Johnson's claim regarding the right to treatment in order to obtain parole and his claim regarding the future use of a 2009 psychological evaluation because Johnson failed to allege facts sufficient to state cognizable claims. *See Swarthout v. Cooke*, 562 U.S. 216, 219, 222 (2011) (per curiam) (setting forth the elements of a procedural due process claim and explaining that with regard to California's parole scheme, "the only federal right at issue is procedural"); *Rizzo v. Dawson*, 778 F.2d 527, 531 (9th Cir. 1985) (prisoners have no constitutional right to rehabilitation).

To the extent that Johnson makes arguments regarding an equal protection claim, we do not consider them because Johnson failed to raise such a claim in his

operative second amended complaint. *See Turnacliff v. Westly*, 546 F.3d 1113, 1120 (9th Cir. 2008).

We do not consider Johnson's contentions regarding statements made in the findings and recommendations, filed on December 20, 2013, because the order has been vacated.

**AFFIRMED.**