NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 20 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL VICTORY, | No.   17-15953 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-00997-WBS-CKD |
| v. | |
| BOARD OF PAROLE HEARINGS; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, District Judge, Presiding

Submitted June 12, 2018**

Before:    RAWLINSON, CLIFTON, and NGUYEN, Circuit Judges.

California state prisoner Michael Victory appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging federal claims in

connection with his parole hearing.  We have jurisdiction under 28 U.S.C. § 1291.

We review de novo a district court's dismissal under 28 U.S.C. § 1915A.  *Wilhelm*

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*v. Rotman*, 680 F.3d 1113, 1118 (9th Cir. 2012).  We affirm.

The district court properly dismissed Victory's as-applied challenges to his parole hearing because Victory failed to allege facts sufficient to show that the parole hearing denied him due process, including "an opportunity to be heard and [] a statement of the reasons why parole was denied."  *Swarthout v. Cooke*, 562 U.S. 216, 220 (2011) (a federal due process claim in parole context requires only that prisoner be provided with an opportunity to be heard and a statement of the reasons why parole was denied); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (a prisoner may challenge procedures used in parole hearing under § 1983 provided he does not seek "immediate or speedier release").

The district court properly dismissed as barred by the *Rooker–Feldman* doctrine Victory's claim alleging legal errors in his California state habeas proceeding.  *See Noel v. Hall*, 341 F.3d 1148, 1155-57 (9th Cir. 2003) (*Rooker–Feldman* doctrine bars de facto appeal of a state court decision).

The district court properly dismissed Victory's claim against the state-court clerk defendants because these defendants are protected by absolute quasi-judicial immunity.  *See Mullis v. U.S. Bankr. Court*, 828 F.2d 1385, 1390 (9th Cir. 1987) (court clerks have absolute quasi-judicial immunity from damages for civil rights

17-15953

violations when they perform tasks that are an integral part of the judicial process).

The district court did not abuse its discretion by denying class certification. *See* Fed. R. Civ. P. 23(a); *In re Hyundai & Kia Fuel Econ. Litig.*, 881 F.3d 679, 690 (9th Cir. 2018) (standard of review).

The district court did not abuse its discretion by dismissing Victory's action without further leave to amend. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that dismissal without leave to amend is proper when amendment would be futile).

Victory's motion to supplement exhibits (Docket Entry No. 17) is denied.

**AFFIRMED.**