**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 7 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TIMOTHY MARVIN SANTOS, | No. 19-15775 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-02287-KJM-AC |
| v. | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, District Judge, Presiding

Submitted February 4, 2020[**]

Before:     FERNANDEZ, SILVERMAN, and TALLMAN, Circuit Judges.

California state prisoner Timothy Marvin Santos appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging due

process claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

a dismissal under 28 U.S.C. § 1915A. *Hamilton v. Brown*, 630 F.3d 889, 892 (9th Cir. 2011). We affirm.

The district court properly dismissed Santos's action for failure to state a plausible federal due process claim because Santos's claims concern interpretation of the California Constitution, which is a matter for California courts. *See Swarthout v. Cooke*, 562 U.S. 216, 220 (2011) (holding that the only federal right at issue in the context of parole is whether minimal procedural due process protections were met); *see also Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975) ("[S]tate courts are the ultimate expositors of state law . . . ." (citations and footnote omitted)); *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996) (a plaintiff may not "transform a state-law issue into a federal one merely by asserting a violation of due process").

The district court did not abuse its discretion by dismissing Santos's fourth amended complaint without leave to amend because amendment would have been futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that dismissal without leave to amend is proper when amendment would be futile).

19-15775

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**