NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 1 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CARLOS MARTINEZ, Sr., | No. 21-16081 |
| Plaintiff-Appellant, | D.C. No. 1:21-cv-00146-DAD-EPG |
| v. | |
| DEBORAH SAN JUAN, Board of Parole Hearings - Commissioner; VIJAI DESAI, Board of Parole Hearings - Commissioner; CALIFORNIA BOARD OF PAROLE HEARINGS, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Submitted May 17, 2022[**]

Before:    CANBY, TASHIMA, and NGUYEN, Circuit Judges.

California state prisoner Carlos Martinez, Sr., appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

constitutional claims in connection with his parole hearing. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)); *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (dismissal under 28 U.S.C. § 1915A). We affirm.

The district court properly dismissed Martinez's action because Martinez failed to allege facts sufficient to state any plausible claims. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are to be construed liberally, a plaintiff must present factual allegations sufficient to state a plausible claim for relief); *see also Swarthout v. Cooke*, 562 U.S. 216, 220, 222 (2011) (in parole context, due process requires only that a prisoner be provided with an opportunity to be heard and a statement of the reasons why parole was denied; "a 'mere error of state law' is not a denial of due process" (citation omitted)); *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) ("[A] prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement." (citation and internal quotation marks omitted)); *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) ("After incarceration, only the unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment."); *Thompson v. Davis*, 295 F.3d 890, 898 n.4 (9th Cir. 2002) (explaining that the Americans with Disabilities Act does not bar a

21-16081

state parole board from considering an inmate's disability in making an individualized assessment of the future dangerousness of the inmate); *cf. Baumann v. Ariz. Dep't of Corr.*, 754 F.2d 841, 846 (9th Cir. 1985) (explaining that an inmate's disappointment caused by additional months of incarceration before parole is not a violation of the Eighth Amendment).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Martinez's motion to appoint counsel (Docket Entry No. 5) is denied.

**AFFIRMED.**