NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 23 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VICTOR CORREA,<br><br>    Plaintiff - Appellant,<br><br> v.<br><br>JENNIFER SHAFFER, Executive Director of Board of Prison Hearings; CHRISTINE NIJJER, Deputy Commissioner at B.P.H. Sacramento; JOE SULLIVAN, Deputy Commissioner; RICHARD KENDALL, Forensic Psychologist; JEANNETTE SANDERS, Senior Psychologist, Supervisor; GENEDEL AMBER MACASINAG, Transcriber,<br><br>    Defendants - Appellees. | No. 24-1412<br><br>D.C. No. 2:23-cv-00739-TLN-KJN<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Submitted October 15, 2025**

Before: FRIEDLAND, MILLER, and SANCHEZ, Circuit Judges.

---

 * This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

 ** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

California state prisoner Victor Correa appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging constitutional violations arising out of his parole hearing. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915A. *Ramirez v. Galaza*, 334 F.3d 850, 853 (9th Cir. 2003). We affirm.

The district court properly dismissed Correa's action because Correa failed to allege facts sufficient to state any plausible claim. *See Swarthout v. Cooke*, 562 U.S. 216, 220 (2011) (holding that federal courts cannot substantively review parole decisions; rather, due process is satisfied in the parole context when a prisoner is provided with an opportunity to be heard and a statement of the reasons why parole was denied); *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred . . . *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration."); *United States v. Juv. Male*, 670 F.3d 999, 1009 (9th Cir. 2012) (explaining that where no protected class is implicated, an equal protection claim requires a showing that the government action was not rationally related to a legitimate government purpose); *Stivers v. Pierce*, 71 F.3d 732, 741 (9th Cir. 1995) (requiring a showing of actual or apparent prejudgment to overcome the presumption of a decisionmaker's honesty and integrity).

The motion (Docket Entry No. 19) for sanctions is denied.

**AFFIRMED.**